Argued and submitted July 27, 1987, reversed and remanded May 18, reconsideration denied September 2, petition for review denied September 29, 1988 (306 Or 661)

MOORE,
*Appellant,*

*v.*

KAISER PERMANENTE et al,
*Respondents.*

(A8508-04889; CA A41885)

754 P2d 615

Craig D. White, Portland, argued the cause and filed the brief for appellant.

John R. Faust, Jr., Portland, argued the cause for respondents. With him on the brief were Mildred J. Carmack, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff in this medical malpractice action appeals from a summary judgment for defendant doctors and Kaiser Permanente, the professional corporation of which they are members. He alleges that he suffered a permanent disabling back injury because defendants, who treated him following an on the job injury, were negligent in diagnosing and treating his condition and in advising him that he could return to his bus driving job after a period of time off. He argues that he raised sufficient issues of material fact to defeat defendants' motion for summary judgment. We reverse and remand.

Defendants moved for summary judgment on the basis of their own affidavits stating that they were not negligent in their diagnosis and advice and that plaintiff's return to work did not cause his condition to worsen. Plaintiff responded with an affidavit in which he states that his condition was "aggravated" by his return to work and the affidavit of his attorney, filed under ORCP 47E,[1] indicating that he had retained an expert who "is available and willing to testify to admissible facts which will create issues of fact as to the diagnoses, standard of care and duty of the defendant herein."

Defendants argue that plaintiff's attorney's affidavit is insufficient to defeat the motion for summary judgment. First, they contend that it does not state, "as the rule requires," that plaintiff's unnamed expert has "actually rendered an opinion or provided facts." Although the rule requires that the affidavit must be "based on admissible facts or opinions obtained from a qualified expert," it does not require that the affidavit recite that the expert rendered an opinion. The rule's requirement that the affidavit be filed in

---

[1] ORCP 47E states:

"If a party, in opposing a motion for summary judgment, is required to provide the opinion of an expert to establish a genuine issue of material fact, an affidavit of the party's attorney stating that an unnamed qualified expert has been retained who is available and willing to testify to admissible facts or opinions creating a question of fact, will be deemed sufficient to controvert the allegations of the moving party and an adequate basis for the court to deny the motion. The affidavit shall be made in good faith based on admissible facts or opinions obtained from a qualified expert who has actually been retained by the attorney who is available and willing to testify and who has actually rendered an opinion or provided facts which, if revealed by affidavit, would be a sufficient basis for denying the motion for summary judgment." (Emphasis supplied.)

good faith is intended to ensure that there be an expert opinion on which it is based.

■■    Defendants also contend that the attorney's affidavit is insufficient because it indicates that an expert will testify about "the diagnosis, standard of care and duty," but does not state that expert evidence will be provided to controvert defendants' evidence on damage and causation, the other essential elements of plaintiff's claim. Rule 47E is designed to enable parties to avoid summary judgment on any genuine issue of material fact which may or must be proved by expert evidence. The rule's purpose, essentially, is to permit a declaration by affidavit that evidence will be provided at trial to create an issue of fact. It does not require that the actual evidence be furnished to contravene what the moving party has shown. *Tiedeman v. Radiation Therapy Consultants,* 71 Or App 668, 693 P2d 1396 (1985), *rev'd on other grounds* 299 Or 238, 701 P2d 440 (1985). The affidavit does not have to recite on what issues the expert will testify. It need state only that an expert has been retained and is available and willing to testify to admissible facts or opinions that would create a question of fact.

■    However, when, as here, the party enumerates those elements on which the unnamed expert will testify, that enumeration would reasonably lead the defendants and the trial court to believe that plaintiff will not be offering expert testimony on the unenumerated elements. We hold that, when a party chooses to enumerate the elements on which an expert will testify, even though a general assertion would otherwise satisfy the rule, the enumeration must give notice of *all* elements on which the expert may testify. Therefore, in this case, plaintiff's attorney's affidavit, alone, is only sufficient to demonstrate that there are genuine issues of material fact on the issues of diagnosis, standard of care and duty or foreseeability.

■    The remaining question is whether the plaintiff's own affidavit is sufficient to establish that a material question of fact exists as to the other elements he must prove: causation and damages. Defendants contend that plaintiff's own opinion that his condition was aggravated by his work is not competent evidence on those elements, because they are matters on which expert medical evidence is necessary. We cannot say

at this juncture, as a matter of law, that expert medical testimony would be essential for proof of causation and damages. More facts are necessary to assess whether a lay person could determine those issues without expert testimony. OEC 702; *see Getchell v. Mansfield,* 260 Or 174, 179, 489 P2d 953 (1971). Therefore, plaintiff's own affidavit, stating that his condition was aggravated by his return to work, sufficiently raises issues of material fact with respect to causation and damages to defeat defendants' motion for summary judgment.

Reversed and remanded.