Argued and submitted July 22, reversed and remanded September 7, Wasner's reconsideration and Foster's reconsideration denied November 18, both petitions for review denied December 20, 1988 (307 Or 246)

# STARR et al,
*Appellants,*

*v.*

# WASNER et al,
*Respondents.*

## (16-86-02804; CA A44523)

760 P2d 900

Kathryn H. Clarke, Portland, argued the cause and filed the briefs for appellants.

Robert D. Lowry, Eugene, argued the cause for respondent Wasner. With him on the brief were Denise G. Fjordbeck and Jaqua, Wheatley, Gallagher & Holland, P.C., Eugene.

Randall P. Bryson, Eugene, argued the cause for respondent Foster. With him on the brief were Calkins & Calkins and Bryson & Bryson, Eugene.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

GRABER, J.

## GRABER, J.

Plaintiff[1] in this medical malpractice action appeals from summary judgments for defendant doctors Wasner and Foster. She alleges that she suffered permanent visual impairment as a result of taking Motrin, a drug prescribed by both doctors. On appeal, plaintiff argues that she raised issues of material fact sufficient to defeat defendants' motions for summary judgment. We reverse and remand.

Each defendant moved for summary judgment on the basis of his own affidavit. Wasner's affidavit stated that there was no causal connection between the medical treatment that he provided and plaintiff's damages. Foster's affidavit stated that he was not negligent in treating plaintiff. Pursuant to ORCP 47E,[2] plaintiff's attorney opposed summary judgment by filing an affidavit,[3] which provided, in pertinent part:

> "As attorney for [plaintiff], * * * I have contacted a licensed medical practitioner in the State of Oregon who has been retained as an expert in this case and is available and willing to testify to admissible facts and opinions that the defendants, Wasner and Foster, and each of them, individually, deviated from the standard of reasonable medical care and that such negligence was the legal cause of the injuries alleged in Plaintiffs' Complaint on file herein."

---

[1] "Plaintiff" refers to Elizabeth Starr. Her husband, Gordon Starr, also appeals from a summary judgment on his claim for loss of consortium. In the procedural posture of the case, his claim survives or fails with hers; both claims were joined in one complaint and were disposed of in one judgment.

[2] ORCP 47E provides:

"Motions under this rule are not designed to be used as discovery devices to obtain the names of potential expert witnesses or to obtain their facts or opinions. If a party, in opposing a motion for summary judgment, is required to provide the opinion of an expert to establish a genuine issue of material fact, an affidavit of the party's attorney stating that an unnamed qualified expert has been retained who is available and willing to testify to admissible facts or opinions creating a question of fact, will be deemed sufficient to controvert the allegations of the moving party and an adequate basis for the court to deny the motion. The affidavit shall be made in good faith based on admissible facts or opinions obtained from a qualified expert who has actually been retained by the attorney who is available and willing to testify and who has actually rendered an opinion or provided facts which, if revealed by affidavit, would be a sufficient basis for denying the motion for summary judgment."

[3] The affidavit was originally filed in connection with Foster's motion for summary judgment. The affidavit refers to both defendants, however, and Wasner makes no argument about its application to him. *See* ORCP 47C.

Defendants urge that the affidavit fails to comply with ORCP 47E in that it fails to specify that the expert is "qualified." They argue that the term "licensed medical practitioner * * * retained as an expert" is inadequate to establish that plaintiff relies on a "qualified expert."

We hold that the affidavit meets the requirements of ORCP 47E. An affidavit need say only that an expert has been retained and is willing to testify to admissible facts or opinions that would create a question of fact. *Moore v. Kaiser Permanente,* 91 Or App 262, 265, 754 P2d 615 (1988). Defendants would reduce the rule to a rigid formula, but plaintiff is entitled to the benefit of an inference that "a licensed medical practitioner in the State of Oregon who [will] testify to admissible facts and opinions" concerning the material issues in the case is "qualified" to do so. To accept defendants' argument would be to elevate form over substance.[4]

Reversed and remanded.

---

[4] Because of our disposition of the case, we need not reach plaintiff's other arguments and other assignment of error.