Argued and submitted January 22; resubmitted In Banc June 10, reversed and remanded July 30, 1997

James G. STOTLER,
*Appellant,*

*v.*

MTD PRODUCTS, INC.,
an Ohio corporation; and Fred Meyer, Inc.,
a Delaware corporation,
*Respondents.*

(9504-02453; CA A92758)

943 P2d 220

William A. Henderson argued the cause and filed the brief for appellant.

Ruth Casby Rocker argued the cause for respondents. With her on the brief were Janet M. Schroer and Hoffman, Hart & Wagner.

ARMSTRONG, J.

Warren, J., concurring.

## ARMSTRONG, J.

Plaintiff appeals the trial court's grant of summary judgment to defendants in a products liability and negligence action arising from injuries that he suffered while assembling a lawnmower. He argues that the trial court incorrectly held that the affidavit that he submitted under ORCP 47 E was insufficient to create an issue of fact about whether the lawnmower was defective or defendants were negligent. We reverse and remand.

Defendants moved for summary judgment, with supporting evidence, on the ground that the lawnmower was not unreasonably dangerous and that defendants were not negligent. In response, plaintiff's attorney submitted an affidavit that stated that a

> "qualified expert has been retained who is available and willing to testify to admissible facts or opinions creating questions of fact, which, if revealed by affidavit, would be a sufficient basis for denying summary judgment."

Despite that affidavit, the trial court granted summary judgment to defendants, stating that plaintiff "offered no evidence of defect in the product other than the fact of plaintiff's injury" and that "plaintiff has failed to come forward with any facts giving rise to a question of negligence."

On appeal, plaintiff argues that the affidavit was sufficient to raise a question of fact on both claims. He relies on ORCP 47 E, which provides:

> "Motions under [ORCP 47] are not designed to be used as discovery devices to obtain the names of potential expert witnesses or to obtain their facts or opinions. *If a party, in opposing a motion for summary judgment, is required to provide the opinion of an expert to establish a genuine issue of material fact, an affidavit of the party's attorney stating that an unnamed qualified expert has been retained who is available and willing to testify to admissible facts or opinions creating a question of fact, will be deemed sufficient to controvert the allegations of the moving party and an adequate basis for the court to deny the motion.* The affidavit shall be made in good faith based on admissible facts or opinions obtained from a qualified expert who has actually

> been retained by the attorney who is available and willing to testify and who has actually rendered an opinion or provided facts which, if revealed by affidavit, would be a sufficient basis for denying the motion for summary judgment."

(Emphasis supplied.) The purpose of the rule is to enable a party to rely on an expert's opinion to establish the existence of disputed issues of fact, and thereby avoid summary judgment, without requiring disclosure of the expert's identity or opinions. *Moore v. Kaiser Permanente*, 91 Or App 262, 265, 754 P2d 615, *rev den* 306 Or 661 (1988).

Plaintiff argues that, according to the plain language of ORCP 47 E, an attorney who submits an affidavit does not have to identify in the affidavit the issues on which an expert will testify. We agree. As we explained in *Moore, ibid.*, ORCP 47 E requires only that the attorney believe in good faith that the expert's testimony creates genuine issues of material fact on each issue on which summary judgment is sought, and that the attorney submit an affidavit stating that the expert's testimony does that. In this case, the affidavit submitted by plaintiff's attorney complies with all of the requirements of ORCP 47 E. Hence, the court had to accept that the expert's testimony provided a sufficient basis to deny the motion for summary judgment. The court erred in concluding otherwise.[1]

The concurrence would modify our decision in *Moore* and impose a blanket requirement that all affidavits filed under ORCP 47 E must identify the issues on which an expert will testify. It contends that *Moore* is inadequate because under *Moore* "[t]he court must rely on the attorney's evaluation of the case rather than being able to exercise its own judgment." 149 Or App at 411 (Warren, J., concurring). While that is a very real problem, its origin is found in the rule itself, not in our decision in *Moore*. ORCP 47 E requires an attorney to identify the issues on which an expert will testify *only* if the attorney does not have a good faith belief that

---

[1] On appeal, defendants argue that the 1995 amendment to ORCP 47 C implicitly requires greater specificity in an attorney's affidavit than previously required by ORCP 47 E. The Supreme Court held in *Jones v. General Motors Corp.*, 325 Or 404, 939 P2d 608 (1997), that the 1995 amendment did not change the law on summary judgment. That decision eliminates the premise of defendants' argument.

the expert's testimony would provide a sufficient basis to deny the opposing party's motion for summary judgment. That is because, unless the affidavit specifies otherwise, the trial court must presume that the expert would testify on every issue on which summary judgment is sought.[2] As a result of that presumption, if an attorney filing an ORCP 47 E affidavit does *not* have a good faith belief that the expert's testimony *alone* would provide a sufficient basis to deny the motion for summary judgment, the attorney necessarily must identify the issues on which the expert will testify. Otherwise, the attorney would mislead the court about the import of the expert's testimony and could not be said to act in good faith. In such cases, to defeat summary judgment, the nonmoving party must submit evidence aside from the ORCP 47 E affidavit to create genuine issues of material fact on issues not addressed by the affidavit. Because our holding in *Moore* is consistent with that understanding of the rule, we reaffirm it today.[3]

---

[2] The rule states that a court must deem the affidavit sufficient to defeat a motion for summary judgment if the affidavit states "that an unnamed qualified expert has been retained who is available and willing to testify to admissible facts or opinions creating a question of fact." ORCP 47 E.

[3] Although we pointed out in *Moore* that an affidavit filed in accordance to ORCP 47 E "does not have to recite on what issues the expert will testify," we held that when an attorney identifies in an ORCP 47 E affidavit the issues on which an expert will testify, the court will presume that those are the only issues on which the expert's testimony would create a genuine issue of fact. 91 Or App at 265. That holding logically follows from the rule. In *Moore*, the plaintiff filed a medical malpractice action against several defendants. The defendants moved for summary judgment on the ground that "they were not negligent in their diagnosis and advice and that plaintiff's return to work did not cause his condition to worsen." *Id.* at 264. Although expert testimony often is used to establish genuine issues of material fact on those issues, the plaintiff did not rely solely on an ORCP 47 E affidavit to defeat the motion for summary judgment. Instead, he submitted two affidavits. In one, he stated that his return to work had "aggravated" his condition. In the second, filed under ORCP 47 E, his attorney stated that he had "retained an expert who 'is available and willing to testify to admissible facts which will create issues of fact as to the diagnoses, standard of care and duty of the defendant.' " *Id.* at 264. If the attorney had not identified in his affidavit the issues on which the expert would testify, the court would have had to conclude that the affidavit was sufficient to deny the motion. Assuming that the expert could have testified to relevant facts on all of the issues raised by the summary judgment motion, that conclusion is not remarkable. If, however, the expert was not going to testify on one of the issues raised by the motion, then the attorney could comply with the rule only by identifying the issues on which the expert would testify. Because *Moore* correctly applied the rule, there is no reason to modify it.

Because the problem that the concurrence perceives is a direct result of the rule and not our interpretation of it in *Moore*, we do not have the authority to remedy that problem. The legislature delegated the authority to adopt and amend the Oregon Rules of Civil Procedure to the Council on Court Procedures. ORS 1.725. We are bound by the language of the rule on which the Council agreed and that the legislature approved. The proper interpretation dictated by the plain language of the rule is found in our decision in *Moore*, which was decided in 1988. Both the legislature and the Council have met since then, but neither body has amended the rule. There is no justification for the concurrence's assertion that we should change our interpretation of the rule. Thus, when filing an ORCP 47 E affidavit, an attorney has to identify the issues on which an expert will testify only if the attorney does not have a good faith belief that the expert's testimony would provide a sufficient basis to deny the motion for summary judgment. If the attorney does not act in good faith, the court can impose sanctions against the attorney. ORCP 47 G. If the attorney's good faith belief is simply wrong, there is nothing that the court can do about it. We are not a legislative body and it is not our place to create new procedural rules if we are dissatisfied with the old ones.

The affidavit submitted by plaintiff's attorney satisfied the requirements of ORCP 47 E. Therefore, the trial court erred in awarding summary judgment to defendants.

Reversed and remanded.

**WARREN, J.,** concurring.

The majority adheres to an interpretation of ORCP 47 E that makes no practical sense and that the rule does not require. I would bring the rule into closer accord with reality by modifying our decision in *Moore v. Kaiser Permanente*, 91 Or App 262, 754 P2d 615, *rev den* 306 Or 661 (1988), to require a party that files an affidavit under ORCP 47 E to state the issues on which the expert would testify, something that many practitioners already frequently do in order to comply with their good faith obligations. However, because plaintiff reasonably relied on *Moore*, I would apply the modified rule prospectively, from the date of this decision. *See Peterson v. Temple*, 323 Or 322, 332-34, 918 P2d 413 (1996)

(applying new rule prospectively when party reasonably relied on previous rule). I therefore concur in the reversal of the judgment in favor of defendants.

In *Moore*, we held that an affidavit, in order to comply with ORCP 47 E,

"does not have to recite on what issues the expert will testify. It need state only that an expert has been retained and is available and willing to testify to admissible facts or opinions that would create a question of fact." 91 Or App at 265.

We went on to hold, however, that, when the attorney's affidavit *does* enumerate the elements on which the expert will testify, the court and the opposing side can legitimately assume that there will *not* be expert testimony on the unnamed elements. *Id.* As a result, under *Moore* it is safest for the attorney to be as vague as possible about the subject matter of the expert's testimony; the less that the attorney says about the testimony, the more the court will assume about its scope.

Defendants properly point out the inadequacies of plaintiff's affidavit, inadequacies that are inherent in the *Moore* standard:

"[T]he affidavit failed to provide the court with any insight as to what issues of fact the expert testimony would address. It is unclear from the affidavit whether the expert would testify as to admissible facts and opinions regarding the unreasonable danger of the product, the defective condition of the product or some other element of plaintiff's prima facie case."

The court cannot know from this affidavit either whether the expert will testify about one or all of the issues in dispute or if the testimony will concern the issue that the court may believe to be decisive. The court must rely on the attorney's evaluation of the case rather than being able to exercise its own judgment. As a result of the vagueness that we have permitted in affidavits under ORCP 47 E, thus, the attorney for the nonmoving party resisting the motion may prevent the granting of summary judgment because of the attorney's good faith but erroneous belief as to what facts are relevant to the motion.

The attorney for the nonmoving party may retain an expert whose testimony will create a factual dispute on a specific issue. If the attorney believes in good faith that that subject is the controlling factual issue on the motion, *Moore* permits the attorney to file an affidavit that, on its face, covers every possible factual issue that could possibly be the subject of expert testimony. The court cannot tell, by reading the affidavit, on what issue the expert will testify. The court, therefore, will treat the affidavit as sufficient on its face to defeat the motion even if, under the court's view of the case, the attorney was wrong about what issue was controlling. That result goes well beyond the primary purpose of the rule, which is to prevent the use of motions for summary judgment as a method of discovering the other side's experts. The effect of the majority's interpretation is to prevent the grant of summary judgments that should be granted, based solely on an advocate's good faith belief about the nature of his or her case.

ORCP 47 E does not describe how explicit the affidavit must be; it emphasizes, however, that the affidavit must "be made in good faith based on admissible facts or opinions" actually obtained from a qualified expert and that its purpose is "to controvert the allegations of the moving party[.]" It is thus essential that the attorney, before filing such an affidavit, identify the precise issues involved in the motion and actually obtain the expert's opinion. Requiring the attorney to describe the issues about which the expert will testify simply requires the attorney to make explicit what he or she must do in order to file the affidavit. It identifies neither the expert nor the expert's opinion. It allows the court to evaluate the effect of the affidavit with some confidence and thereby to rule on motions in a more informed manner.

The modification of *Moore* that I suggest would, in fact, make explicit what many advocates frequently do at present and what, indeed, the majority suggests good faith may require in most circumstances.[1] The practicalities of

---

[1] The majority says that, if an expert will not "testify on one of the issues raised by the motion, then *the attorney could comply with the rule only by identifying the issues on which the expert would testify.*" 149 Or App at 409 n 3 (emphasis supplied). It thereby recognizes that good faith will usually require compliance with the rule that I would expressly adopt.

advocacy often require the party resisting a motion for summary judgment to identify the issues that will be the subject of expert testimony. Some affidavits expressly identify the issues. *See, e.g., Mittleman Properties v. Bank of California,* 131 Or App 666, 671, 886 P2d 1061 (1994) (affidavit stated that expert would controvert specific statements that moving party made in support of motion). Even when the affidavit is as general as *Moore* allows, the party resisting the motion often finds it necessary to identify in argument the issues about which the expert will testify. *See, e.g., Hoke v. The May Department Stores Co.,* 133 Or App 410, 418 n 4, 891 P2d 686 (1995) (attorney filed general affidavit but argued on appeal that expert would testify about specific issue).

The majority itself recognizes that, whatever the content of the affidavit, an attorney cannot in good faith state in argument that the expert will testify about certain issues unless he or she could have identified those issues in the affidavit. *See* ORCP 17; ORAP 1.40. It thereby recognizes that good faith will often result in the limited specificity that I would expressly require, despite the nominally broad rule that we stated in *Moore. See* n 1, above, and 149 Or App at 409-10.

In short, the *Moore* rule does not further the purposes of ORCP 47 E and may obscure the actual issues on a motion for summary judgment. We should modify *Moore* to reflect that fact by holding that an affidavit does not satisfy ORCP 47 E unless it identifies the issues about which the unidentified expert will testify.[2] Although the logic of the majority's opinion suggests that good faith requires that result, it refuses to take the necessary step. I therefore concur only in the result.

Edmonds, J., joins in this concurrence.

---

[2] The affidavit would not, of course, need to provide the facts or opinions that will be the substance of the expert's testimony.