Submitted January 9, reversed and remanded April 22, 2015

Karen S. HINCHMAN,
*Plaintiff-Appellant,*

*v.*

UC MARKET, LLC,
an Oregon limited liability company,
*Defendant-Respondent.*

Multnomah County Circuit Court
120404915; A153970

348 P3d 328

Timothy J. Vanagas filed the brief for appellant.

Kathryn Reynolds Morton filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

LAGESEN, J.

## LAGESEN, J.

Plaintiff visited a convenience store, defendant UC Market, LLC, to purchase a newspaper and lottery ticket. While plaintiff was inside, high winds caused the floor mat located at the exterior doorway of the business to fold over on itself. As plaintiff was leaving the premises, she tripped over the mat and sustained an elbow fracture and other injuries. Plaintiff sued defendant, alleging that defendant was negligent in failing to ensure that the store was safe for reasonable use by business invitees and, in particular, in failing to secure the floor mat to the ground. The trial court granted summary judgment in favor of defendant, concluding that plaintiff's ORCP 47 E affidavit was insufficient to create a genuine issue of fact with respect to whether defendant "knew or should have known" of the hazard posed by the floor mat. We reverse and remand, concluding that, in the light of plaintiff's specific theory of the case, the summary judgment record was sufficient to preclude summary judgment.

## I. FACTS

Consistent with our standard of review, discussed below, we state the facts in the light most favorable to plaintiff, the nonmoving party. Plaintiff was a frequent customer of defendant, a convenience store located in east Multnomah County. On a morning in early February 2012, plaintiff visited the store to make her regular purchase of a newspaper and a Megabucks lottery ticket. As usual, plaintiff entered the premises by stepping on and over a floor mat located at the exterior doorway of the store. A surveillance video indicates that the mat, which was positioned at an angle in front of the door, was of lightweight design and was not taped, glued, or otherwise secured to the ground.

The east wind was blowing quite hard that day. While plaintiff was inside the store, the wind lifted the edge of the mat, causing it to fold in half, doubling over on itself. After making her purchases, plaintiff turned to leave the store. As she was exiting, plaintiff tripped over the folded-over mat and sustained injuries. A surveillance camera captured the incident.

Plaintiff sued defendant for negligence. She alleged that defendant was negligent in "failing to ensure the store entrance was free of obstructions and hazards for reasonable use by business invitees" and, in particular, "failing to ensure the floor mat stayed flat on the floor by use of glue or otherwise." Plaintiff requested economic damages in the sum of $50,000 and noneconomic damages in an amount not to exceed $160,000.

Defendant moved for summary judgment on the ground that any unreasonable danger posed by the mat was limited to the period during which the fabric folded over on itself, and, because plaintiff could present no evidence that defendant knew or should have known that the mat was prone to folding, or did fold, in that manner, plaintiff could not prove that defendant's conduct had deviated from the standard of care. In particular, defendant emphasized the undisputed facts that (1) defendant had no actual knowledge of any prior instances in which the mat had folded over, due to heavy wind or otherwise; and (2) the mat was lying flat when plaintiff entered the store, and it did not fold over until sometime during the very short period that plaintiff was inside. In the alternative, defendant asserted that it was entitled to summary judgment because the condition of the floor mat was not unreasonably dangerous as a matter of law.

Plaintiff relied on the following evidence in opposition to defendant's motion: (1) the surveillance video recording of her fall; (2) records reflecting wind speeds on and around the date of the incident; and (3) an ORCP 47 E affidavit from plaintiff's attorney.[1] The ORCP 47 E affidavit averred generally that plaintiff "ha[d] retained herein an unnamed expert who is available and willing to testify to

---

[1] In her appellate brief, plaintiff indicates that she also submitted an affidavit to the trial court in which she attested to, among other things, the nature of wind patterns in east Multnomah County and her perception of the qualitative characteristics of the floor mat. But, because that affidavit was neither made part of the summary judgment record nor expressly relied upon by the trial court at the time of its ruling, we do not consider it in evaluating this appeal.

Like plaintiff's affidavit, plaintiff's wind records were not made part of the summary judgment record. However, because the trial court expressly relied on the wind records in making its ruling, we treat them as part of the record on appeal.

admissible facts and/or opinions creating a question of fact in this matter." In response, defendant argued that plaintiff's submission of an ORCP 47 E affidavit was insufficient to avoid summary judgment, because expert opinion testimony would be neither necessary nor helpful to prove negligence under the circumstances.

At a hearing on the motion, plaintiff clarified her theory of the case. She explained that her position was not, as defendant presumed, that, "once the mat flipped over, [defendant] should have known of that occurring." Rather, plaintiff asserted that the analysis should "preced[e] the flipping over of the mat" and should instead ask "whether it was negligent on the part of [defendant] to have placed a mat outside the store, the size that it was, the weight that it was," in the light of the local wind conditions. In view of that theory, plaintiff argued that her ORCP 47 E affidavit was sufficient to create a genuine issue of material fact with respect to whether defendant had deviated from the relevant standard of care. Plaintiff told the court:

> "And that's the issue, Your Honor, that my expert speaks to. It was simply negligent. Reasonable minds could differ whether it was negligent to place a lightweight mat outside a store without gluing it down, without taping it down, without doing anything else in an area where the winds are such that it's going to lift it up and flip it over. And—and that—that's simply what the analysis, in my mind, should be.
>
> "* * * * *
>
> "*[There will be] testimony that * * * this is an improper application. Should have been glued down, should have been taped down, should have * * * used a different weight mat, could have been put inside the store.*
>
> "There are a variety of things that could have been done to avoid a situation happening, and that's what the expert will attest to. And reasonable minds could differ on whether that should have been done in that fashion or not."

(Emphasis added.)

The court granted summary judgment to defendant, explaining:

"I believe this case is controlled by *Deberry* [*v. Summers*, 255 Or App 152, 296 P3d 610 (2013),] and other cases dealing with the effect of a Rule 47 E affidavit or declaration, and I do not believe that this is a case in which there is an expert issue that could create an issue of fact.

"* * * I find that [the declaration] is not sufficient to overcome defendant's evidence, which establishes the absence of any facts on which an objectively reasonable juror could find in favor of plaintiff. So for that reason, I'm granting the motion."

Plaintiff appeals, assigning error to the grant of summary judgment to defendant.

On appeal, plaintiff argues that the trial court erred to the extent that it required her to show that defendant "knew or should have known" that the floor mat had folded over as a result of the wind. Plaintiff's position throughout this litigation has been that defendant was negligent *not* for failing to discover and take steps to protect her from the hazard posed by the folded-over floor mat but, rather, in *creating* the hazard by (1) choosing a floor mat of improper weight for the conditions, (2) locating the floor mat at the exterior doorway of the store, and (3) failing to secure the floor mat. Plaintiff next contends that her ORCP 47 E affidavit was sufficient to defeat defendant's motion for summary judgment, because expert testimony was "needed" in this case, given her particular theory of negligence, to show "the wind velocity on the day of the incident and how the wind interacted with the floor mat, given the location of the floor mat, its lightweight design, and the fact it wasn't glued down."[2]

Defendant responds that the trial court correctly granted summary judgment in its favor. First, defendant suggests that plaintiff's theory of the case is not cognizable

---

[2] Plaintiff's argument in her appellate brief as to why expert testimony was "needed" characterizes the possible content of that testimony differently than plaintiff characterized that testimony in the trial court, in that the characterization in the appellate brief focuses on the role of wind velocity. We do not, however, construe that to be an abandonment of the argument presented to the trial court—that expert testimony was needed to show that defendant negligently selected, located, and failed to secure the floor mat—in the light of plaintiff's emphasis elsewhere in her brief that the theory presented to the trial court remains her primary theory on appeal.

under Oregon law. Defendant further argues that expert testimony on "wind velocity" and "how the wind interacted with [the] floor mat" is neither necessary nor even helpful to that determination. (Internal quotation marks omitted.) Defendant asserts that, under those circumstances, plaintiff's ORCP 47 E affidavit did not preclude the trial court from granting summary judgment to defendant.

## II. STANDARD OF REVIEW

We review a trial court's grant of summary judgment to determine whether there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47 C. That standard is satisfied if, viewing the relevant facts and all reasonable inferences in the light most favorable to the nonmoving party—here, plaintiff—"no objectively reasonable juror could return a verdict for [plaintiff] on the matter that is the subject of the motion for summary judgment." *Id.*; *Robinson v. Lamb's Wilsonville Thriftway*, 332 Or 453, 455, 31 P3d 421 (2001) (quoting ORCP 47 C).

## III. ANALYSIS

Under Oregon law, storekeepers must "make their property reasonably safe for" their customers or invitees. *Hagler v. Coastal Farm Holdings, Inc.*, 354 Or 132, 140-41, 309 P3d 1073 (2013) (quoting *Hughes v. Wilson*, 345 Or 491, 497, 199 P3d 305 (2008)). To that end, storekeepers have a duty to "exercise due care to discover conditions on the premises that create an unreasonable risk of harm to invitees or warn them of the risk so as to enable them to avoid the harm." *Hagler*, 354 Or at 141; *see Woolston v. Wells*, 297 Or 548, 557-58, 687 P2d 144 (1984). As framed by plaintiff, the question in this case is whether, viewing the record in her favor, a reasonable trier of fact could find that defendant's use of a lightweight, unsecured floor mat at the exterior doorway of the store posed an unreasonable danger to customers.

As an initial matter, we reject defendant's contention that plaintiff could only succeed on her claim if she could show that defendant either "knew or should have known" that the floor mat had folded over. As plaintiff has

consistently made clear, both at trial and on appeal, her theory of the case is not that defendant was negligent for failing to eliminate, or warn her of, the hazardous condition created by the folded-over floor mat. Rather, her position is that defendant was negligent in *creating* the hazard by selecting a floor mat of improper weight for the conditions, locating the floor mat outdoors, and failing to secure the floor mat to the ground.

Plaintiff's theory is consistent with Oregon law. We have expressly held that a possessor of land may be liable to an invitee when the possessor's activities *"created* the condition on the premises that led to the [invitee]'s injury." *Vandeveere-Pratt v. Portland Habilitation Center*, 242 Or App 554, 560, 259 P3d 9 (2011) (emphasis added) (premises liability theory appropriate where the defendant's activity of mopping the floor "created a condition * * * that led to [the] plaintiff's injury"); *see Bryant v. Sherm's Thunderbird Mkt.*, 268 Or 591, 599, 522 P2d 1383 (storekeeper may be vicariously liable for "injuries caused by unsafe conditions created by employees or agents" of contractor).[3] It is not a stretch to apply that theory to a case involving a hazardously selected and positioned floor mat. *See Hagler*, 354 Or at 144-45 (implicitly recognizing viability of such a theory in the context of hazardously shelved merchandise). In fact,

---

[3] We observe that this appears to be Oregon's first published opinion about a slip-and-fall case involving a floor mat, but we see no reason why plaintiff's allegations require a different analysis than other cases involving a defendant's alleged negligence in creating a tripping or slipping hazard. Defendant argues that such a theory is available only in cases involving "foreign substance[s]" and, because a floor mat is not such a substance, plaintiff's proposed analysis is inapposite. *See Van Den Bron v. Fred Meyer, Inc.*, 86 Or App 329, 331, 738 P2d 1011 (1987) (invitee injured by slipping on a "foreign substance" may succeed on negligence claim by showing that substance was "placed there by the occupant"); *see also Spencer v. M. L. Kauth, Inc.*, 135 Or App 326, 328, 897 P2d 1209 (1995) (applying *Van Den Bron* test to slip-and-fall case involving a "puddle" at a pizza parlor); *Rex v. Albertson's, Inc.*, 102 Or App 178, 180, 792 P2d 1248, *rev den*, 310 Or 422 (1990) (applying *Van Den Bron* test to slip-and-fall case involving a blueberry on the floor of a grocery store). Although a floor mat differs from those items deemed "foreign substance[s]" under the *Van Den Bron* line of cases, we observe that at least one other state court has applied the analysis reflected in those cases to a floor mat, deeming a floor mat to be a foreign substance. *See Wind v. Hy-Vee Food Stores, Inc.*, 272 Ill App 3d 149, 155-56, 650 NE 2d 258, 262-63 (1995) (treating floor mat as foreign substance when placed in a negligent manner). In any event, the *Van Den Bron* line of cases does not *foreclose* plaintiff's theory, which, as explained, is otherwise consistent with Oregon law.

other state courts have done so without difficulty. *See, e.g., Wind v. Hy-Vee Food Stores, Inc.*, 272 Ill App 3d 149, 156-57, 650 NE 2d 258, 263-64 (1995) (storekeeper may be liable for negligent placement of floor mat); *National Convenience Stores, Inc. v. Arrington*, 896 SW 2d 312, 314 (Tex App 1995) (jury could have found that floor mat in exterior doorway of store during "gusty, windy weather" constituted hazardous condition). Furthermore, a contrary holding would undermine the policy rationale for imposing liability on owners and possessors of business premises, which is "to place responsibility for negligently created conditions of business premises on those who own or control them, with the ultimate goal of mitigating the risk of injury-producing accidents." *Bagley v. Mt. Bachelor, Inc.*, 356 Or 543, 569, 340 P3d 27 (2014).

Having identified—and accepted—plaintiff's theory of the case, the question before us is whether a reasonable trier of fact could find that defendant's use of a lightweight, unsecured floor mat at the exterior doorway of its store created an unreasonable danger to customers. We are called upon to decide whether a reasonable factfinder could make such a determination based on the evidence in the record, taking into account the effect of ORCP 47 E and, in particular, the effect of the ORCP 47 E affidavit from plaintiff's attorney.

ORCP 47 E provides, in relevant part:

"If a party, in opposing a motion for summary judgment, is required to provide the opinion of an expert to establish a genuine issue of material fact, an affidavit or a declaration of the party's attorney stating that an unnamed qualified expert has been retained who is available and willing to testify to admissible facts or opinions creating a question of fact, will be deemed sufficient to controvert the allegations of the moving party and an adequate basis for the court to deny the motion. The affidavit or declaration shall be made in good faith based on admissible facts or opinions obtained from a qualified expert who has actually been retained by the attorney who is available and willing to testify and who has actually rendered an opinion or provided facts which, if revealed by affidavit or declaration, would be a sufficient basis for denying the motion for summary judgment."

The Oregon Rules of Civil Procedure authorize what is colloquially referred to as "trial by ambush," and protect from pretrial disclosure the identities of experts and the substance of their testimony. *Stevens v. Czerniak*, 336 Or 392, 404-05, 84 P3d 140 (2004). To effectuate that policy choice, ORCP 47 E "is designed to enable parties to avoid summary judgment on any genuine issue of material fact which may or must be proved by expert evidence."[4] *Moore v. Kaiser Permanente*, 91 Or App 262, 265, 754 P2d 615, *rev den*, 306 Or 661 (1988); *see also* ORCP 47 E ("Motions under this rule are not designed to be used as discovery devices to obtain the names of potential expert witnesses or to obtain their facts or opinions."). As we have explained,

> "[t]he rule's purpose, essentially, is to permit a declaration by affidavit that evidence will be provided at trial to create an issue of fact. It does not require that the actual evidence be furnished to contravene what the moving party has shown. The affidavit does not have to recite on what issues the expert will testify. It need state only that an expert has been retained and is available and willing to testify to admissible facts or opinions that would create a question of fact."

*Moore*, 91 Or App at 265 (internal citations omitted).

We have stated, as a general proposition, that the filing of an ORCP 47 E affidavit "precludes summary judgment only where expert opinion evidence is *required* to establish a genuine issue of material fact." *Deberry*, 255 Or App at 163 (emphasis in original). Expert testimony can be "required" to establish a genuine issue of material fact if the issues raised in the defendant's motion "are not within the knowledge of the ordinary lay juror." *Vandermay v. Clayton*, 328 Or 646, 655, 984 P2d 272 (1999). However, that is not the *only* circumstance in which expert testimony might be required to establish a genuine issue of material fact. *See, e.g., Two Two v. Fujitec America, Inc.*, 355 Or 319, 332-33, 325

---

[4] The Legislative Assembly has delegated the authority to adopt and amend the rules of civil procedure to the Council on Court Procedures. *Stotler v. MTD Products, Inc.*, 149 Or App 405, 410, 943 P2d 220 (1997); *see* ORS 1.725. The text of ORCP 47 E was approved by the legislature in 1983 and made effective the following year. *May v. Josephine Memorial Hospital*, 297 Or 525, 527 n 2, 686 P2d 1015 (1984); *see* Or Laws 1983, ch 751, § 1.

P3d 707 (2014) (assessing whether the plaintiff's ORCP 47 E affidavit established a genuine issue of material fact regarding causation, notwithstanding the fact that causation can sometimes be proved by circumstantial evidence or common knowledge, because the plaintiff's theory of the case was susceptible to proof by expert testimony).

Expert testimony is also "required" to create a genuine issue of material fact if the point or points put at issue by the defendant's summary judgment motion are ones that are susceptible to proof through expert testimony, given the plaintiff's particular theory of her claim. In those circumstances, the court must accept the attorney's representation in the ORCP 47 E affidavit that she has such testimony available and will endeavor to prove her case with it at trial, and must deny summary judgment.[5] *See Moore*, 91 Or App at 265 (ORCP 47 E intended "to enable parties to avoid summary judgment on any genuine issue of material fact which *may or must* be proved by expert evidence" (emphasis added)). As a consequence of Oregon's policy choice to broadly shield the content of expert testimony from discovery and disclosure pretrial—a policy choice allowing a party to keep secret even the precise *issue* on which an expert will testify, *Two Two*, 355 Or at 329—the assessment of whether an ORCP 47 E affidavit creates an issue of fact precluding summary judgment will sometimes require an act of imagination by the summary judgment court. Four of our cases illustrate how a plaintiff's theory of the case informs the analysis: *Panpat v. Owens-Brockway Glass Container*, 188 Or App 384, 71 P3d 553 (2003); *Whalen v. American Medical Response Northwest*, 256 Or App 278, 300 P3d 247 (2013); *Deberry*, 255 Or App 152; and *Piskorski v. Ron Tonkin Toyota, Inc.*, 179 Or App 713, 41 P3d 1088 (2002).

---

[5] A plaintiff is the master of her own claim. If a plaintiff wishes to prove a claim based in part on the presentation of expert opinion testimony, and the point in question is susceptible to proof by expert testimony, then she is entitled to attempt to prove her claim in that way. Moreover, ORCP 47 E contains a good-faith requirement to discourage abuse of attorney affidavits at the summary judgment stage of a case; if the affidavit is not filed in good faith, then "the offending party must pay the reasonable expenses that the other party incurred as a result, including reasonable attorney fees, and the attorney may be subject to sanctions for contempt." *Two Two*, 355 Or at 328-29. *But see Stotler*, 149 Or App at 410 (if, however, the attorney's good-faith belief "is simply wrong, there is nothing that the court can do about it").

In *Panpat*, a wrongful-death action arising out of a workplace shooting, the defendant employer moved for summary judgment on the ground that it neither knew nor should have known that the shooter, Blake, posed a danger to the decedent. In response, the plaintiff submitted, among other evidence, an ORCP 47 E affidavit. The trial court granted summary judgment, reasoning that the case did not "require" expert testimony to determine whether the defendant was or should have been on notice of the danger and that, as a result, the expert affidavit did not suffice to create a dispute of fact.

On appeal, we reversed the trial court's grant of summary judgment. First, we observed that, because the plaintiff's affidavit did not specify the issues on which her expert would testify, we were obligated to "assume that the expert will testify on every issue on which summary judgment is sought." *Panpat*, 188 Or App at 393-94 (internal quotation marks omitted). And, because it was conceivable that an expert *could* testify that a reasonable medical professional—such as the company nurse, whom the record reflected had granted Blake his medical leave—would have recognized that Blake was likely to physically harm the decedent, we reasoned that the proffered expert testimony "could be helpful to the trier of fact." *Id.* at 394. Finally, in view of the other evidence in the record, including evidence that the defendant was on notice of Blake's history of mental illness and his recent and tumultuous breakup with the decedent, we were unable to conclude that the harm was unforeseeable as a matter of law, "particularly in light of the testimony that we must assume that [the] plaintiff's expert would have provided." *Id.* at 395. Because we determined that the point put at issue by the defendant's summary judgment motion—foreseeability—was susceptible to proof by expert testimony, we held that the motion should have been denied.

In *Whalen*, we again considered whether a plaintiff's ORCP 47 E affidavit was sufficient to defeat a defendant's summary judgment motion. Unlike in *Panpat*, however, because the plaintiff's affidavit specified the precise contours of her expert's testimony, it did not require an act of imagination for us to conclude that her theory was susceptible to proof through expert opinion evidence.

*Whalen* involved a claim for battery. The plaintiff alleged that a paramedic had touched her inappropriately during an ambulance transport. The defendants moved for summary judgment, asserting, among other things, that the plaintiff had failed to raise a genuine issue of material fact because she had no recollection of the alleged battery. In response, the plaintiff submitted an ORCP 47 E affidavit, which averred that her expert was prepared to testify that the plaintiff's lack of memory of the event was a result of amnesia caused by the trauma. The trial court granted summary judgment to the defendants.

On appeal, the issue was whether the plaintiff's ORCP 47 E affidavit was sufficient to withstand the defendants' motion for summary judgment. The defendants argued that the affidavit was insufficient to create a factual issue, because expert testimony is not "'required'" to prove the occurrence of a battery. *Whalen*, 256 Or App at 289. Although we agreed that expert testimony "is not 'required' in most cases involving battery claims," we observed that such testimony was necessary on the particular facts of that case. *Id.* at 290. Because the circumstances that the plaintiff alleged—that she suffered amnesia as a result of the battery—"hinder[ed] [her] ability to prove her claim through more direct evidence," we held that the affidavit, together with other evidence about the historical circumstances of the incident, created a dispute of fact as to whether a battery occurred in the ambulance. *Id.* at 288-92.

By contrast, if the point or points put at issue by a defendant's summary judgment motion could not conceivably be proven through expert testimony, but necessarily would require proof by testimony from witnesses with personal knowledge, then an ORCP 47 E affidavit will not, on its own, preclude summary judgment. In *Deberry*, for example, the plaintiff sued her grandmother's attorney for breach of contract and professional negligence, and both claims were predicated on the existence of a contractual promise between the parties. The defendant moved for summary judgment on the ground that no such agreement had existed, and, on the facts of that case, we held that the plaintiff's ORCP 47 E affidavit was insufficient to preclude summary judgment because the existence of such an agreement was "a fact

question that requires personal, not expert[,] knowledge." *Deberry*, 255 Or App at 163.

We reached a similar conclusion in *Piskorski*. In that case, the plaintiff sustained injuries when her vehicle was struck by another motorist, an off-duty sales manager of a car dealership, who was driving his company car at the time of the collision. The plaintiff sued the dealership under both a direct and a vicarious liability theory, and the defendant moved for summary judgment on the latter theory on the ground that there was no evidence that any of the sales manager's job duties involved driving his vehicle, much less that he was working when the accident occurred. There, we concluded that the plaintiff's ORCP 47 E affidavit—which averred that her expert would testify to industry standards regarding the use of company vehicles—was insufficient to preclude summary judgment on the plaintiff's vicarious liability theory, because such "generalized" testimony could not create a dispute of fact with respect to the defendant's "particular practices." *Piskorski*, 179 Or App at 721-22.

Here, defendant moved for summary judgment on the ground that plaintiff could not prove that defendant's conduct had deviated from the standard of care. In response, plaintiff's attorney submitted an ORCP 47 E affidavit averring that plaintiff's expert was "available and willing to testify to admissible facts and/or opinions creating a question of fact in this matter." Then, at the hearing on defendant's motion, plaintiff described the content of the proposed expert's testimony with more specificity. Plaintiff told the court:

"[There will be] testimony that *** this is an improper application. Should have been glued down, should have been taped down, should have *** used a different weight mat, could have been put inside the store.

"There are a variety of things that could have been done to avoid a situation happening, and that's what the expert will attest to. And reasonable minds could differ on whether that should have been done in that fashion or not."

Given the specificity with which plaintiff described the content of her proposed expert's testimony, it does not require an act of imagination for us to conclude that her

particular theory is one that is susceptible to proof through expert opinion evidence, if the appropriate predicate facts were established. *See Caburnay v. Norwegian American Hosp.*, 963 NE 2d 1021, 1026-27, 1031-33 (Ill App Ct 2011) (the plaintiff's submission of, among other evidence, expert engineering and safety testimony created a fact question as to whether floor mat was negligently placed, causing the plaintiff to fall). In fact, *Hagler* suggests that, having chosen that theory, plaintiff would have to rely on expert testimony to prevail. *See* 354 Or at 145.

In short, the evidence in the summary judgment record was sufficient to permit a factfinder to find or infer that the floor mat was lightweight, placed outdoors, and unsecured, even on an "[u]nusually windy" day. Having proved those predicate facts, plaintiff could, conceivably, prove that defendant was negligent in selecting, locating, and failing to secure the floor mat through expert testimony regarding industry standards for safe floor mat use. We therefore conclude that, when viewed in the light most favorable to plaintiff, the evidence in the record, in particular plaintiff's ORCP 47 E affidavit, was sufficient to create a genuine issue of fact with respect to whether defendant satisfied the relevant standard of care, and plaintiff was entitled to present her case to the factfinder.

Reversed and remanded.