***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted October 27, 2022, reversed and remanded February 23, 2023

Anabel UNRUH,
*Plaintiff-Appellant,*

*v.*

ST. CHARLES HEALTH SYSTEMS, INC.,
dba St. Charles Medical Center-Bend;
Cory Siebe; and Kevin Jones,
*Defendants-Respondents,*

*and*

Andrew CRAIG,
*Defendant.*

Deschutes County Circuit Court
19CV44604; A176440

Bethany P. Flint, Judge.

William J. Macke argued the cause and filed the briefs for appellant.

Hillary A. Taylor argued the cause for respondents. Also on the brief were Janet M. Schroer and Ruth A. Casby.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.*

AOYAGI, P. J.

Reversed and remanded.

_____

* Jacquot, J., *vice* James, J. pro tempore.

**AOYAGI, P. J.**

Plaintiff was injured in a car accident on September 20. On September 20 and September 22, she sought treatment from defendant doctors in the emergency department of defendant medical center. Although plaintiff had compression fractures in her cervical and thoracic spine, defendant doctors did not discover them. It was not until October 18 that a different provider discovered the fractures and placed plaintiff in a cervical collar. Plaintiff brought this action for medical negligence. The trial court granted summary judgment for defendants on the causation element of plaintiff's claims. Plaintiff appeals the judgment dismissing her claims. She argues that the trial court erred in granting summary judgment, because the ORCP 47 E declaration that she submitted created a genuine issue of material fact regarding causation. We conclude that the court erred in ruling as it did on the basis that it did and, accordingly, reverse and remand.

For the benefit of the parties and the trial court, we describe our understanding of the particular posture in which this case was litigated at summary judgment, because it is significant to our resolution. As relevant here, plaintiff alleged in the operative complaint that defendants were negligent in failing to diagnose the compression fractures in her spine and that, as a result of the four-week delay in obtaining a correct diagnosis, her injuries were exacerbated—particularly "when Plaintiff assisted in moving her belongings when she changed residences despite experiencing significant pain and discomfort"—which resulted in the need for "ongoing treatment related to permanent injuries in the form of worsening anterolisthesis, stenosis and arthritic changes."

Defendants moved for summary judgment on multiple bases, including causation, which was the only basis on which it was granted. Defendants argued that they were entitled to summary judgment on the causation element of plaintiff's claims because there was no evidence that the delayed diagnosis altered plaintiff's "medical treatment, course of recovery or prognosis." Defendants acknowledged that, if the fractures had been diagnosed earlier, plaintiff

"may have been put in a [cervical] collar sooner than she was." However, they pointed to uncontested evidence that plaintiff refrained from all physical activity for several months after the accident, as well as evidence from plaintiff's treating physicians that plaintiff's fractures were stable in nature and had remained stable and healed over time precisely as one would expect. Regarding the cervical collar in particular, the upshot of defendants' argument was that, because plaintiff was physically inactive during the four-week period at issue, her fractures remained stable, such that no harm was caused by her not wearing a cervical collar, which, according to defendants, serves only to maintain stability.

Plaintiff opposed defendants' motion for summary judgment, including submitting an ORCP 47 E declaration in which plaintiff's counsel attested that plaintiff had "retained an unnamed qualified expert witness who is available to testify at trial based on admissible facts and opinions sufficient to create a question of fact such that summary judgment is inapposite, consistent with ORCP 47E." Plaintiff argued that the declaration was sufficient to create a genuine issue of fact on causation.

In their reply and at the summary judgment hearing, defendants disagreed that the ORCP 47 E declaration defeated summary judgment on causation. They maintained that the summary judgment record lacked the type of predicate facts necessary for the ORCP 47 E declaration to create a genuine issue of fact on causation. Plaintiff countered that the declaration created a genuine issue of fact, as it was a matter for the experts whether the four-week delay in placing plaintiff in a cervical collar resulted in a worse medical outcome for her. Plaintiff asserted that her expert would explain to the jury the purpose of the cervical collar and how the four-week delay in placing her in a collar "contributed to her ultimate outcome and how long it took her to recover and the degree to which she has not recovered and is still in pain."

The trial court granted summary judgment for defendants on the causation element of plaintiff's claims. In doing so, the court clearly accepted the parties' framing of

the causation issue as turning on whether there was any evidence that plaintiff's medical treatment, course of recovery, or prognosis were altered by the four-week delay in her being diagnosed and placed in a cervical collar. Put another way, the trial court did not understand plaintiff's causation theory to be based solely on her participation in a residential move during the four-week period, but rather accepted and adopted the broader articulation of her causation theory that was advanced by both parties in their summary judgment briefing and at the hearing.[1]

With that understanding, the court granted summary judgment, explaining that there was no evidence that, if plaintiff had been placed in a cervical collar earlier, her injuries would have healed faster or better. As for the ORCP 47 E declaration, the court stated that there were "no facts adduced on the record that *** an expert could opine on that would result in a different outcome based on the facts established in the record at this time."

The question before us is whether the court erred in granting summary judgment for defendants, given the ORCP 47 E declaration. We conclude that it did.

Summary judgment is to be granted when "the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." ORCP 47 C. The purpose of ORCP 47 E is "'to enable parties to avoid summary judgment on any genuine issue of material fact which may or must be proved

---

[1] Indeed, at the end of the summary judgment hearing, the trial court mentioned that it had a note to itself about plaintiff "moving boxes" and was wondering where that came from because no one had mentioned it at the hearing. In response, plaintiff's counsel identified that as "a factual allegation" in the complaint, said that he could not remember whether there was any evidence in the record on that point, and appeared to view it as not particularly relevant to plaintiff's causation theory. Defendants then pointed the court to evidence that "actually refutes that allegation in the complaint," showing that plaintiff "didn't help move" and "barely moved at all" in the relevant period. In doing so, defendants never suggested that they understood plaintiff's causation theory to *depend* on her having moved boxes, nor did they argue that the lack of evidence on that point *alone* entitled defendants to summary judgment. After hearing both parties' responses, the court stated that it was not sure why it had made the note about plaintiff moving boxes and that it would "withdraw that question" and "not consider that question further."

by expert evidence'" by declaring that they have such expert testimony available. *Hinchman v. UC Market, LLC*, 270 Or App 561, 570, 348 P3d 328 (2015) (quoting *Moore v. Kaiser Permanente*, 91 Or App 262, 265, 754 P2d 615, *rev den*, 306 Or 661 (1988) (emphasis in *Hinchman* omitted)). "ORCP 47 C requires that we view [an ORCP 47 E declaration], like all parts of the record, in the light most favorable to [the nonmoving party]." *Two Two v. Fujitec America, Inc.*, 355 Or 319, 331, 325 P3d 707 (2014).

Defendants argue on appeal that the trial court properly granted summary judgment, because plaintiff's pleaded causation theory depended on her having physically participated in a residential move during the four-week period at issue, and there is no evidence in the summary judgment record that she did so. The difficulty with that argument is that it does not align with how defendants framed the causation issue in their summary judgment motion, how the parties mutually argued it, or how the court ruled on it. Defendants' argument on appeal is thus akin to an alternative basis to affirm that was not raised below. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (stating requirements for us to consider an alternative basis to affirm that was not argued to trial court). However, if defendants had advocated in the trial court for the strict reading of plaintiff's pleaded causation theory that they now put forward, plaintiff could have argued for a broader reading or, alternatively, sought leave to amend. *See Eklof v. Steward*, 360 Or 717, 736, 385 P3d 1074 (2016) (noting that the *Outdoor Media Dimensions Inc.* requirement that the record must be materially the same as would have developed had the prevailing party raised the alternative basis for affirmance below "is of particular importance" in the summary judgment context, where "the opposing party had no reason to adduce evidence on an issue that was not raised in the summary judgment motion").

We therefore limit our review to the ruling that was actually made, based on the motion that was actually argued. Defendant moved for summary judgment based on the lack of evidence that the four-week delay in correctly diagnosing plaintiff and placing her in a cervical collar

altered plaintiff's medical treatment, course of recovery, or prognosis. In opposing the motion, plaintiff did not contest that she was physically inactive during the four-week period at issue, but she did submit an ORCP 47 E declaration. Viewing the evidence in the light most favorable to plaintiff as the nonmoving party, we understand the ORCP 47 E declaration to mean that plaintiff has retained an expert who will testify that the four-week delay in placing her in a cervical collar had a negative effect on her course of recovery and prognosis, notwithstanding her physical inactivity during that period. No predicate facts are necessary to such an opinion, beyond the four-week delay itself, for purposes of creating a triable issue. We therefore conclude that the ORCP 47 E declaration created a genuine issue of fact as to causation and that the trial court erred in granting summary judgment for defendants.

In reaching that conclusion, we express no opinion on whether the trial court could have read the complaint more narrowly and held plaintiff to a narrower theory of causation for purposes of summary judgment—notwithstanding how the parties framed the issue—except to note that, had the court done so, plaintiff would have had an opportunity to move to amend. We also note that nothing in this decision precludes defendants from moving for summary judgment again and trying to hold plaintiff to her pleaded causation theory as defendants now read it. Our decision is limited to the summary judgment ruling before us.

Reversed and remanded.