Argued May 6, affirmed September 9, 1975

CHRISTENSEN, *Appellant, v.* MARVIN ET AL,
*Respondents.*

539 P2d 1082

*Claud A. Ingram,* John Day, argued the cause for appellant. With him on the briefs were Ingram & Schmauder, John Day.

*Edward H. Warren,* Portland, argued the cause for respondents. With him on the brief were Lauren M. Underwood and Hershiser, Mitchell & Warren, Portland.

## DENECKE, J.

At the close of plaintiff's evidence in this libel action the trial court granted defendant's motion for an involuntary nonsuit. Plaintiff appeals.

The plaintiff is a school teacher. The defendants are the school superintendent and the school board members. The plaintiff did not have tenure and was notified that her contract was not being renewed. She wrote the school board requesting a written statement of the reasons why the board had not renewed her contract. At the school board meeting the board "found" that the plaintiff's contract was not renewed because, among other things, plaintiff was consistently late, did not get along with parents or her "peers," and caused a split among the teachers. We will assume for the purpose of this opinion that if these reasons are false, they are defamatory.

The "findings" were made part of the minutes of the board and are a public record. Plaintiff contends the minutes are the libelous publication.

Among other defenses, defendants contend that publication was made at the request of plaintiff and, therefore, the publication was consented to by her. The defendants further contend that when the publication is consented to it is absolutely privileged; that is, the plaintiff cannot recover even if the publication is defamatory and was made maliciously.

In *Lee v. Paulsen,* decided this date, we held that the plaintiff teacher could not recover for defamation. We so held because the publication was ab-

solutely privileged for the reason that it was consented to by the plaintiff. We held the plaintiff consented because he knew beforehand the exact language he requested to be published. In the present case plaintiff requested the publication; however, she did not know the exact language when she requested the publication. We nevertheless hold the trial court correctly granted defendants' motion for a nonsuit.

In *Lee v. Paulsen,* supra, we followed § 583 of the Restatement of Torts, which states that a publication of defamatory matter is absolutely privileged if the other consents thereto. Comment *d.* to § 583 states:

"It is not necessary that the other know that the matter to the publication of which he consents is defamatory in character. It is enough that he know the exact language of the publication *or that he have reason to know that it may be defamatory* (see illustration 2). In such a case, by consent to its publication he takes the risk that it may be defamatory." (Emphasis added.) p. 221.

Illustration 2 is:

"A, a school teacher, is summarily discharged by the school board. He demands that the reason for his dismissal be made public. B, president of the board, publishes the reason. A has consented to the publication though it turns out to be defamatory." 3 Restatement of Torts, § 583, Comment *d.,* Ill. 2, p. 222.

*Williams v. School District of Springfield R-12,* 447 SW 2d 256 (Mo 1969), quoted illustration 2 and decided for the school district. In that case the defendant school board refused to rehire the plaintiff school teacher. At a board meeting, the plaintiff requested to be told the reasons why she was not rehired. The superintendent replied that she was not hired because she disobeyed school regulations, she was insubordinate and she was inadequate with her students.

The plaintiff contended that this statement was defamatory. The court held:

"* * * Since we have decided that defendant had an absolute privilege the contention of plaintiff that he abused the privilege is not applicable. When plaintiff asked the defendant at the board meeting why she was not going to be re-employed the following school year the superintendent should be at liberty to say to her, 'Miss Williams, you have disobeyed school rules and regulations, you are insubordinate and are insufficient and inadequate with your students.' In that situation he is absolutely protected in his explanation to plaintiff."

Harper and James state:

"* * * Of course, if the plaintiff had no reason to suppose that the publication which he invites would be defamatory, he is not barred from recovery." 1 Harper and James, The Law of Torts p. 399 (1956).

This aspect of the rule of consent is based upon the same considerations as that part of the rule which states that if one knows the exact language which he is requesting to be communicated he cannot recover for defamation.

We are further influenced in this particular case to follow the Restatement rule because the defendant board members published the reasons for their failure to rehire the plaintiff because they were required to by statute.

ORS 342.513(1) provides, in part:

"* * * In case the district school board does not renew the contract, the material reason therefor shall, at the request of the teacher or administrator, be spread upon the records of the school district and the board shall furnish a statement of the reasons for nonrenewal to the teacher or administrator. * * *"

This statute requires that if a teacher requests the board to furnish a statement of the reasons why the board refuses to renew her contract, the teacher shall be given such reasons and the reasons shall be spread upon the record.[1]

The evidence in this case is conclusive that the plaintiff had reason to know that the publication she requested would be defamatory; that is, a statement tending "so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." § 559, Restatement of Torts.

In illustration 2 of the Restatement the teacher was "summarily discharged". In our case the school district failed to renew her contract after she was in her fourth year of teaching at that school. In both instances the teachers had reason to know that the stated reasons for the school districts' actions would be harmful to their reputations.

In the plaintiff's case she had more reason to know the reasons that would be given for the failure to rehire her would be damaging to her reputation as a teacher. Prior to the plaintiff being notified she was not to be rehired the superintendent made an unfavorable evaluation of plaintiff. She discussed the evaluation with the superintendent. Plaintiff testified she believed the superintendent was biased in his evaluation and she disagreed with him. The only inference to be drawn from the evaluation discussion is that any

---

[1] The prior statute (ORS 342.635) provided:

"* * * In case the school board passes an order to dismiss, the material reason or reasons therefor shall, at the request of the teacher or administrator, be spread upon the records of the school district by the district clerk who shall furnish a copy of the same to the teacher * * * ."

The statute was amended to its present form when all the laws pertaining to education were revised. That revision did not purport to make any substantive changes.

stated reasons for the district's failure to renew her contract would be damaging to her reputation as a teacher.

We hold plaintiff had reason to believe the publication would be defamatory and, therefore, the publication was absolutely privileged.

Affirmed.

McALLISTER, J., concurs in the result.