Submitted on remand October 27, 2022, judgment for OHSU on defamation claim reversed and remanded, otherwise affirmed September 27, 2023

Linda Sue HOFER,
*Plaintiff-Appellant,*

*v.*

OREGON HEALTH AND SCIENCE UNIVERSITY,
*Defendant-Respondent.*

Multnomah County Circuit Court
18CV14839; A172328

536 P3d 989

This case, which involves a defamation claim brought against defendant, Oregon Health and Science University (OHSU), is on remand from the Oregon Supreme Court in light of that court's decision in *Lowell v. Medford School Dist. 549C*, 370 Or 79, 515 P3d 359 (2022). The trial court granted summary judgment in favor of OHSU on the basis that absolute privilege barred plaintiff's defamation claim. The Court of Appeals affirmed. *Hofer v. OHSU*, 319 Or App 603, 511 P3d 414, *vac'd and rem'd*, 370 Or 214, 516 P3d 1175 (2022). Lowell narrowed the application of absolute privilege and now operates to defeat summary judgment in Hofer. In addition to absolute privilege, OHSU supported its summary judgment motion with the alternative argument that plaintiff could not establish the requisite elements of a claim for defamation, specifically focusing on publication and harm caused by publication. Plaintiff opposed the motion and submitted, among other things, an audit reflecting access to her medical record and an ORCP 47 E affidavit signed by her lawyer. *Held*: The Court of Appeals held that, on remand, Lowell narrowed the doctrine of absolute privilege so that it now operates to defeat summary judgment in this case. The court also rejected defendant's alternative basis for affirming summary judgment. Plaintiff's ORCP 47 E affidavit, when considered along with the summary judgment record that was before the trial court, viewed in the light most favorable to plaintiff, was sufficient to raise genuine issues of material fact about publication and to preclude summary judgment.

Judgment for OHSU on defamation claim reversed and remanded; otherwise affirmed.

On remand from the Oregon Supreme Court, *Hofer v. Oregon Health and Science University*, 370 Or 214, 516 P3d 1175 (2022).

Christopher A. Ramras, Judge.

David Wallace argued the cause for appellant. Also on the brief was Wallace Law Firm.

Janet M. Schroer argued the cause for respondent. Also on the brief were Holly E. Pettit and Hart Wagner LLP.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Judgment for OHSU on defamation claim reversed and remanded; otherwise affirmed.

**MOONEY, J.**

This case is before us on remand from the Supreme Court. *Hofer v. Oregon Health and Science University*, 370 Or 214, 516 P3d 1175 (2022) (*Hofer II*) (remanding in light of *Lowell v. Medford School Dist. 549C*, 370 Or 79, 515 P3d 359 (2022) (*Lowell II*)). When this case was previously before us, we concluded that (1) absolute privilege barred plaintiff's defamation claim, and (2) the trial court did not err in dismissing plaintiff's medical negligence claim because no issue of material fact existed with respect to that claim and Oregon Health and Science University (OHSU) was entitled to prevail as a matter of law.[1] *Hofer v. OHSU*, 319 Or App 603, 511 P3d 414, *vac'd and rem'd*, 370 Or 214, 516 P3d 1175 (2022) (*Hofer I*). We affirmed. *Id.*

In reaching our conclusion that absolute privilege barred plaintiff's defamation claim, we relied on our earlier opinion in *Lowell v. Medford School Dist. 549C*, 313 Or App 599, 497 P3d 797 (2021), *rev'd*, 370 Or 79, 515 P3d 359 (2022) (*Lowell I*), where we held, essentially, that any employee of a public school district had an absolute privilege to make defamatory statements when carrying out their official duties. As OHSU acknowledges, *Lowell II* narrowed the application of absolute privilege and now operates to defeat summary judgment on plaintiff's defamation claim on that basis. The trial court, thus, erred when it granted summary judgment to OHSU on the defamation claim on the basis of absolute privilege.

OHSU notes, however, that it supported its motion for summary judgment on the defamation claim on two distinct theories: absolute privilege and the alternative ground that "plaintiff cannot establish the requisite elements of a claim for defamation." The parties briefed and argued both theories in the trial court, but that court granted the motion solely on the basis of absolute privilege and did not rule on OHSU's alternative theory. Relying on *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20

---

[1] *Lowell II* does not implicate our decision in *Hofer I* affirming the trial court's granting of summary judgment in favor of OHSU on plaintiff's medical negligence claim and, thus, we do not address that claim on remand other than to acknowledge and reaffirm it.

P3d 180 (2001), and *Sherertz v. Brownstein Rask*, 314 Or App 331, 341, 498 P3d 850 (2021), *rev den*, 369 Or 338 (2022), OHSU urges us to affirm the trial court's summary judgment ruling based on OHSU's alternative theory, contending that it is legally correct and supports summary judgment in its favor as a matter of law. Plaintiff responds that the alternative theory for OHSU's summary judgment motion is not before us because the trial court did not reach it.

OHSU is not asking us to take up an argument that it is making for the first time on appeal. In its summary judgment motion, OHSU argued that plaintiff could not establish that the allegedly defamatory statements written in OHSU's medical records system had been published to a third party or that any such publication resulted in damage to her. OHSU submitted excerpts from plaintiff's deposition testimony in which she stated that she was not sure who had seen the statements and that she, therefore, could not point to any harm caused by someone else seeing them. Plaintiff was required to address the alternative argument in the trial court because she would have had the burden of persuasion on each element of her defamation claim at trial. ORCP 47 C. She did so in her written response to the motion and she supported her response with deposition testimony of Dr. Bernard concerning the allegedly defamatory statements that Bernard typed into the medical record system, an audit report identifying individuals who had accessed plaintiff's OHSU medical records over a one-year period of time, and her attorney's ORCP 47 E affidavit. The parties, thus, developed the record on the alternative argument.

When plaintiff assigned error to the trial court's ruling on OHSU's summary judgment motion, it was up to OHSU whether to continue both arguments before us. *See Sherertz*, 314 Or App at 341 n 8 ("If an alternative argument was made to the trial court, it is up to the party whether to continue pursuing it on appeal[.]"). OHSU pursued its alternative argument on appeal as it was permitted to do, and, therefore, *if* the alternative argument would support summary judgment in OHSU's favor as a matter of law, then "we may simply resolve it." *Sherertz*, 314 Or App at 341; *see also Eklof v. Steward*, 360 Or 717, 736, 385 P3d 1074 (2016)

(noting that in the summary judgment context the "particular importance" of the *Outdoor Media Dimensions Inc.* requirement that the record be materially the same as it would have been had the prevailing party raised the alternative basis below, where "the opposing party had no reason to adduce evidence on an issue that was not raised in the summary judgment motion"). We turn to the question of whether OHSU's alternative theory would support summary judgment in its favor and, thus, provide a basis for affirming the trial court.[2]

We begin by delineating the scope of our review. The Oregon Supreme Court recently wrote:

> "The contours of summary judgment review are set by the operative complaint and the specific arguments for summary judgment advanced by a party. Under ORCP 47 C, the party opposing summary judgment has the burden of producing evidence on any issue raised in the motion as to which that party would have the burden of persuasion at trial."

*Adelsperger v. Elkside Development LLC*, 371 Or 61, 65, 529 P3d 230 (2023) (internal quotation marks omitted). We, thus, begin with the operative complaint.

In her second amended complaint, first claim for relief (defamation), plaintiff alleges that Dr. MacDonald, an OHSU-employed physician, "wrote, drafted, prepared, authored, dictated, wrote, and communicated a summary statement of her *** evaluation of plaintiff[,]" Second Amended Complaint at ¶10, Filed Oct 11, 2018, *Hofer v. Oregon Health and Science University* (18CV14839), that the "statement was a false communication of fact, published in the EPIC system database as part of plaintiff's medical records[,]" *id.* at ¶12, "where they could be seen by all potential healthcare providers who query the health information exchange software and were read by all who treated and would treat plaintiff in the future." *Id.* at ¶15. Plaintiff alleged harm from the publication of MacDonald's false statements.

---

[2] We do not agree that plaintiff "waived opposition to the alternative grounds for affirmance of summary judgment against her defamation claim" by not filing a reply brief in this court.

In her second claim for relief (defamation), plaintiff alleges that Dr. Bernard, an OHSU-employed physician, "prepared, authored, dictated, wrote, and communicated the summary statement of [MacDonald's] evaluation of plaintiff in conjunction with any summary statements or notes from Ms. MacDonald[,]" *id.* at ¶20, and that the "statement was a false communication of fact, published in the EPIC database system[,]" *id.* at ¶22. Plaintiff alleged harm from the publication of Bernard's false statements.

OHSU's summary judgment motion, as pertinent here, places at issue plaintiff's ability to prove that the allegedly false statements were published, and that the publication of those statements caused plaintiff harm. As already mentioned, OHSU supported its motion with plaintiff's deposition testimony that she was not sure who had seen the statements and that she, therefore, could not point to any harm caused by someone else seeing them. And, again, plaintiff opposed the motion and submitted deposition testimony of Bernard concerning the allegedly defamatory statements that Bernard typed into the electronic medical record, an audit report identifying individuals who had accessed plaintiff's OHSU medical records over a one-year period of time, and her attorney's ORCP 47 E affidavit. In its reply memorandum in support of its motion, OHSU narrowed its focus somewhat to the question of publication when it agreed that "although damages may be presumed when a defamatory statement is in written form, plaintiff is still required to link the presumed harm to the publication of the defamatory statement to a third person." It did not address the ORCP 47 E affidavit submitted by plaintiff in opposition to OHSU's summary judgment motion.

"We review a trial court's grant of summary judgment for errors of law ***." *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021). We are to affirm only "if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." ORCP 47 C. We view the record that was before the trial court in the light most favorable to plaintiff as the party opposing summary judgment, and

we "examine whether no objectively reasonable juror could find in [plaintiff's] favor on the question at issue." *Beneficial Oregon, Inc.*, 313 Or App at 277. We view the ORCP 47 E affidavit submitted by plaintiff "like all parts of the record, in the light most favorable" to her as the party opposing the motion. *Two Two v. Fujitec America, Inc.*, 355 Or 319, 331, 325 P3d 707 (2014).

The pertinent facts are few. Plaintiff has a movement disorder for which she received treatment from her Washington physician in the form of the prescribed medication methadone. Plaintiff moved to Oregon and began the process of looking for an Oregon physician who would assume treatment of her movement disorder and, in particular, an Oregon physician who would assume the role of prescriber for methadone. In that process, plaintiff saw MacDonald, a physician and third year resident at OHSU's neurology clinic. MacDonald initially prescribed methadone for plaintiff, but some months later declined to continue that prescription. MacDonald documented her medical encounters with plaintiff in OHSU's electronic medical record system known as EPIC. MacDonald's attending physician, Bernard, reviewed MacDonald's documentation of MacDonald's final encounter with plaintiff and typed her own note into plaintiff's OHSU medical record in EPIC. OHSU did not dispute the defamatory nature of the statements typed into EPIC when it filed its motion for summary judgment. It limited the scope of its motion to publication and damage. We necessarily limit our review in the same way.

"To establish a claim for defamation, a plaintiff must show that a defendant made a defamatory statement about the plaintiff and published the statement to a third party." *Neumann v. Liles*, 358 Or 706, 711, 369 P3d 1117 (2016). The focus of OHSU's evidentiary argument is on the lack of evidence of publication and also the lack of evidence that plaintiff was harmed by any such publication. Plaintiff contends that "conflicting evidence existed as to [the] *prima facie*" claim that is sufficient to deny summary judgment to OHSU on OHSU's alternative theory.

Plaintiff points to the evidence she submitted in opposition to summary judgment in the trial court: (1) her

own deposition testimony that her Washington physician and office staff person saw the statements in EPIC, (2) an audit report identifying individuals who had accessed plaintiff's OHSU medical records through EPIC over a period of time, and (3) her attorney's ORCP 47 E affidavit.

OHSU dismisses the fact that plaintiff's Washington physician saw the statements by asserting that plaintiff asked her to review the OHSU records and that publication to her physician was, therefore, with plaintiff's consent. We reject OHSU's consent argument as a basis for affirming summary judgment. OHSU relies on *Christensen v. Marvin*, 273 Or 97, 99, 539 P2d 1082 (1975), and *Lee v. Paulsen*, 273 Or 103, 105, 539 P2d 1079 (1975), to support its argument that it is not liable for communicating defamatory statements about plaintiff with her consent. Those cases are distinguishable. *Christensen* and *Lee* concern teachers who requested that their respective school board create a written statement of the reasons their teaching contracts were not being renewed, knowing that the reasons would not be favorable. *Christensen*, 273 Or at 98; *Lee*, 273 Or at 104-05. This case is different. The allegedly defamatory statements were not created at plaintiff's request. There is at least a question of fact on this record as to whether plaintiff consented to the publication of defamatory statements about her when she authorized access to her records by her Washington physician.

We turn to the ORCP 47 E affidavit.[3] In it, plaintiff's attorney declares that he has "retained a qualified

---

[3] ORCP 47 E provides:

"Motions under this rule are not designed to be used as discovery devices to obtain the names of potential expert witnesses or to obtain their facts or opinions. If a party, in opposing a motion for summary judgment, is required to provide the opinion of an expert to establish a genuine issue of material fact, an affidavit or a declaration of the party's attorney stating that an unnamed, qualified expert has been retained who is available and willing to testify to admissible facts or opinions creating a question of fact will be deemed sufficient to controvert the allegations of the moving party and an adequate basis for the court to deny the motion. The affidavit or declaration must be made in good faith based on admissible facts or opinions obtained from a qualified expert who has actually been retained by the attorney, who is available and willing to testify, and who has actually rendered an opinion or provided facts that, if revealed by affidavit or declaration, would be a sufficient basis for denying the motion for summary judgment."

expert who is available and willing to testify to admissible facts and opinions creating questions of fact on the material issues in dispute in this case[.]" He further declares that he "actually retained" that qualified expert who "actually provided [plaintiff's counsel with] facts and [who] rendered opinions which, if revealed, would provide a sufficient basis to deny [OHSU's] motion for summary judgment[.]"

The fact that plaintiff offered an ORCP 47 E affidavit to raise an issue of fact on the element of publication "does not automatically create an issue of fact, but will preclude summary judgment when the expert testimony is required to establish a genuine issue of material fact." *VFS Financing, Inc. v. Shilo Management Corp.*, 277 Or App 698, 706, 372 P3d 582, *rev den*, 360 Or 401 (2016) (internal quotation marks omitted). In general, expert testimony is required to establish a genuine issue of fact when the issue raised is "not within the knowledge of the ordinary lay juror." *Vandermay v. Clayton*, 328 Or 646, 655, 984 P2d 272 (1999).

In addressing whether a party is required to present expert testimony to establish a genuine issue of material fact in response to a summary judgment motion, we have said that "expert testimony is required *** when the point or points put at issue by the summary judgment motion are ones that are susceptible to proof through expert testimony, given the plaintiff's particular theory of her claim." *Box v. Oregon State Police*, 311 Or App 348, 373, 492 P3d 685, *adh'd to as modified on recons*, 313 Or App 802, 492 P3d 1292, *rev den*, 369 Or 110 (2021) (internal quotation marks omitted). "[I]f the point or points put at issue by a defendant's summary judgment motion could not conceivably be proven through expert testimony, but necessarily would require proof by testimony from witnesses with personal knowledge, then an ORCP 47 E affidavit will not, on its own, preclude summary judgment." *Hinchman v. UC Market, LLC*, 270 Or App 561, 572, 348 P3d 328 (2015); *see also Whalen v. American Medical Response Northwest*, 256 Or App 278, 300 P3d 247 (2013) (ORCP 47 E affidavit precluded summary judgment where plaintiff alleged that she suffered amnesia as a result of the physical assault which made direct proof of

battery difficult; the affidavit along with evidence about the circumstances of the incident created a dispute of fact about whether a battery occurred); *Deberry v. Summers*, 255 Or App 152, 296 P3d 610 (2013) (ORCP 47 E affidavit held not to preclude summary judgment in a breach of contract case because the existence of the agreement was a question of fact that requires personal, rather than expert, knowledge).

ORCP 47 E reflects Oregon's policy choice to protect "the content of expert testimony from discovery and disclosure pretrial." *Hinchman*, 270 Or App at 570. Given that legislative policy, we have said in *dicta* that assessing the adequacy of an ORCP 47 E affidavit to defeat summary judgment can "sometimes require an act of imagination by the summary judgment court." *Id.* More to the point, though, because Oregon protects both the identity of expert witnesses and the content of their testimony from pretrial discovery in civil matters, the court must accept an attorney's ORCP 47 E affidavit at face value, presume that they have such testimony available and that they plan to prove their case with it at trial, and deny summary judgment. ORCP 47 E, in effect, leaves very little to the court's imagination.

As mentioned already, the focus of OHSU's motion is that plaintiff has no evidence that a defamatory statement was published to a third party. OHSU has not addressed, either in the trial court or in this court, the ORCP 47 E affidavit that plaintiff submitted with her response opposing its summary judgment motion on the defamation claim. We must nevertheless determine whether publication, a key issue raised by OHSU's motion for summary judgment, could conceivably be proven through expert testimony.

It is not disputed that OHSU's employed physicians typed their notes about plaintiff's medical encounters at OHSU into EPIC, the digital medical record system used by OHSU. It is also undisputed that the audit trail submitted by plaintiff with her opposition memorandum in the trial court reflects numerous instances over a period of time when various persons, including plaintiff, accessed plaintiff's OHSU medical records through EPIC. OHSU asserts that the audit trail does not provide evidence of which chartnotes, or other entries, any one person actually viewed when they

accessed the records. It argues that the audit trail "indicates only that OHSU employees accessed some portion" of the records.[4] One can readily see that plaintiff was a person who repeatedly accessed her OHSU medical records through EPIC. The audit, thus, identifies at least one person who is not an OHSU employee. Certainly, a person with expertise in the medical records industry, the healthcare industry, or some related industry, might conceivably be able to offer testimony about how EPIC works, what the audit trail demonstrates about access, and whether it appears, in his or her professional opinion, more likely than not that the allegedly defamatory statements were published to third parties. We conclude that expert testimony could be helpful to a jury in its resolution of the factual question whether the allegedly defamatory statements were published to a third party. Plaintiff's ORCP 47 E affidavit, viewed in conjunction with the record that was before the trial court, in the light most favorable to plaintiff, is sufficient to raise genuine issues of fact about publication and to preclude summary judgment.

Judgment for OHSU on defamation claim reversed and remanded; otherwise affirmed.

---

[4] We acknowledge OHSU's argument that publications to and between its agents and employees would be subject to qualified privilege. But OHSU did not raise qualified privilege in its summary judgment motion, and its reference to qualified privilege in this court is factually and legally underdeveloped and does not provide a basis to affirm. *See Harmon v. State of Oregon*, 320 Or App 406, 410 n 4, 514 P3d 1131 (2022) (explaining that qualified immunity had not been raised in the state's motion for summary judgment and that the state's undeveloped qualified immunity argument on appeal did not provide a basis to affirm).