No. 354 April 23, 2025 21

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Patricia ANSELMO,
as Personal Representative for the Estate of
Jeffrey Buckmeyer,
*Plaintiff-Appellant,*

*v.*

TARGET COPORATION
and Marketsource, Inc.,
*Defendants-Respondents,*

*and*

John DOE #1
and John Doe #2,
*Defendants.*

Multnomah County Circuit Court
19CV37823; A179624

Judith H. Matarazzo, Judge.

Argued December 21, 2023.

Kelly D. Jones argued the cause for appellant. Also on the opening brief were Michael Fuller, OlsenDaines, and The Law Office of Kelly D. Jones. On the reply brief were Michael Fuller and OlsenDaines.

William E. Corum, Missouri, argued the cause for respondents. Also on the brief were Husch Blackwell, LLP, Missouri, and Mackenzie B. Schmitt, Brisbee & Stockton, LLC, Liani J. Reeves, and Bullard Law.

Before Shorr, Presiding Judge, Lagesen, Chief Judge and Pagán, Judge.*

SHORR, P. J.

Reversed and remanded.

———————
* Lagesen, Chief Judge *vice* Hadlock, Judge pro tempore; Pagán, Judge *vice* Mooney, Senior Judge.

**SHORR, P. J.**

Plaintiff appeals the general judgment of dismissal entered after the trial court granted summary judgment in favor of defendants, assigning error solely to the ruling that led to the dismissal of her intentional infliction of emotional distress (IIED) claim. Plaintiff filed this lawsuit as personal representative of her former husband's (Jeffrey Buckmeyer's) estate, seeking damages for alleged injuries that Buckmeyer sustained when defendants' agent, McGee, allegedly falsely reported that he saw pornographic photographs of Buckmeyer with children on Buckmeyer's iPhone. We conclude that the trial court erred in granting defendants' motion for summary judgment and dismissing the IIED claim. As explained below, in granting summary judgment, the trial court did not properly credit an ORCP 47 E declaration from plaintiff's counsel that created an issue of material fact.

## STANDARD OF REVIEW

This is a civil case in which the parties have a right to trial by jury. Or Const, Art I, § 17. To summarily defeat plaintiff's IIED claim, without a jury trial, defendants must have established that there were no genuine issues of material fact for a jury to decide and that they were entitled to prevail as a matter of law. ORCP 47 C. Faced with defendants' motion, plaintiff had the burden to produce evidence on any issue properly raised by that motion on which she would have the burden of persuasion at trial. *Fields v. City of Newport*, 326 Or App 764, 767, 533 P3d 384, *rev den*, 371 Or 476 (2023). We review the trial court's decision to grant summary judgment for legal error, viewing the facts in the light most favorable to the nonmoving party, here, plaintiff. *Id*.

## FACTS

One day in late July 2018, Buckmeyer entered the electronics department of one of defendant Target Corporation's stores and requested technical assistance to "free up space" on his iPhone. Defendants' employee or agent, McGee, stepped up to assist Buckmeyer. McGee and Buckmeyer did not know each other, and there is no evidence that they had ever met each other before that encounter. Buckmeyer asked McGee how to delete a folder of photographs on his iPhone 6S, and

he handed his phone to McGee. As McGee scrolled through the "photos" app on Buckmeyer's iPhone, he encountered an album labeled "business" and asked Buckmeyer if that was the folder he wanted to delete. Buckmeyer confirmed that it was. Although the album appeared to be secure, McGee was able to open it without a password. The album indicated that it contained over a thousand images, with about 20 of those images appearing together on the iPhone screen in "gallery" mode. McGee later reported that he observed Buckmeyer in many of those images, naked, with an erect penis, and surrounded by young children, of different races, tied and bound with some sort of black material. He did not mention his observation to Buckmeyer but proceeded instead to tell Buckmeyer how to delete the photos, and he returned the iPhone to Buckmeyer. McGee did not write down the serial number or any other identifying information about the phone. Buckmeyer left the electronics department, made a purchase, and eventually exited the store.

McGee went to speak with someone in Human Resources who, in turn, took him to speak with John Robinson, Executive Leader in the loss prevention office. According to Robinson's deposition, McGee looked as if he had "just *** seen a horror movie[.]" McGee told Robinson "that he was assisting someone and that he saw some disturbing pictures on [that] person's phone." Robinson asked for clarification of what he saw, and McGee "said he saw pictures he thought of naked young girls." Robinson pulled up security footage that depicted McGee "speaking with someone at the electronics counter" and McGee confirmed that the person in the footage was the one with the disturbing photos on his iPhone. Buckmeyer was later identified as the customer with the iPhone.

Either Robinson or McGee called the Tigard Police to report what McGee had seen. Officer Tillotson responded and interviewed McGee in Robinson's office. Tillotson documented that interview in a police incident report, recording McGee's reports of what he claimed to have seen on the phone. Tillotson then consulted with Tigard Police Detective Yonsoo Lee, who served as a Task Force Officer with the Federal Bureau of Investigation (FBI) and was trained in

investigating crimes related to child pornography. Lee went to the Target store that same day and interviewed Robinson and McGee. After concluding those interviews, Lee "determined that there was probable cause to believe that [Buckmeyer] was in possession of child pornography." Several days later, Lee sought and obtained a warrant to search Buckmeyer's home, vehicle, and electronic devices. He and other officers executed the warrant a week later and seized three electronic devices, including an iPhone 6S.

The seized devices were analyzed by the FBI, which, after a number of months, determined that the devices did not contain any pornographic images involving children or otherwise. The devices were returned to Buckmeyer, and he was not arrested or charged with any crimes. Buckmeyer died several months later, and the FBI closed its file.

## PROCEDURAL BACKDROP

Although this is a fairly complex civil case, actively litigated below, plaintiff assigns error solely to the trial court's granting of summary judgment in favor of defendants on her IIED claim.

Defendants moved for summary judgment on plaintiff's IIED claim, asserting an absence of evidence that McGee had intended to cause any harm to Buckmeyer, an element of the IIED claim. *See, e.g.*, *House v. Hicks*, 218 Or App 348, 357-58, 179 P3d 730, *rev den*, 345 Or 381 (2008) (discussing the elements of IIED, including that a defendant "intended to cause [the] plaintiff severe emotional distress or knew with substantial certainty that their conduct would cause such distress"). Defendants argued that Buckmeyer was a stranger to McGee and that there was simply no evidence, direct or circumstantial, to support a finding that McGee had fabricated the report or intended to inflict emotional distress on Buckmeyer. They presented McGee's deposition testimony that he genuinely believed that he saw child pornography on Buckmeyer's phone. They further argued that child abuse reporting statutes immunize those who report abuse in good faith and that, at a minimum, those statutes reflect a social norm in favor of reporting over not reporting suspected abuse.

Plaintiff responded that material issues of fact existed on the question of intent. She argued that a jury could find that McGee did not tell the truth about what he saw on Buckmeyer's iPhone, casting McGee's story about the amount of detail he observed as implausible and noting the FBI's inability to find any pornographic images involving children on the seized devices. Her counsel additionally submitted an ORCP 47 E declaration, stating:

> "The estate has retained an expert whose opinions and facts create issues of fact and defeat summary judgment as to the issues raised [in] Target and MarketSource's motions, including the veracity of McGee's accusations, whether his reporting was in good faith, and McGee's potential statutory immunity."

Plaintiff argued that a jury could infer from the absence of pornographic images on the devices that McGee's report to law enforcement was intentionally false. She further asserted that making a false report of child sexual abuse exceeds the bounds of what is socially tolerable and is, therefore, outrageous. She additionally argued that a jury could likewise find that McGee either intended to cause Buckmeyer severe distress by making that false report or that he would have known that such a report was substantially certain to cause such distress.

In its ruling from the bench, the trial court stated: "With respect to the intentional infliction of emotional distress, I do find that there is not sufficient evidence of intent, that McGee intended or knew with substantial certainty that his false report would cause severe emotional distress." The court issued an order to that effect and dismissed the IIED claim.[1]

---

[1] At that point in the proceeding, the trial court denied defendants' motions for summary judgment directed to the negligence claim and with respect to defendants' statutory immunity defenses under ORS 163.693(4) and ORS 419B.025, finding that material issues of fact remained.

Several months later, the court granted a new motion for summary judgment in favor of defendants on the negligence claim because it found insufficient evidence for a jury to find that the "report to police was unreasonable and or negligently false." The court also granted the motion "separately" for the reason that without "physical impact" plaintiff was not entitled to recover noneconomic damages on her negligence claim. The court later denied plaintiff's motion to file her proposed (fourth) amended complaint, and the case was subsequently

Challenging the dismissal of the IIED claim, plaintiff renews her arguments from below and contends that she "presented the court with direct, circumstantial, and inferential evidence from which an objectively reasonable juror could find that McGee's accusations were a fiction he knew with substantial certainty would cause severe distress to Buckmeyer[.]" She asks us to reverse the judgment as to the IIED claim only.

Defendants ask us to affirm the trial court, arguing that "the evidence in the summary judgment record does not permit a reasonable jury to find that McGee engaged in outrageous conduct," and that "the evidence *** also will not permit the findings required to *** establish that McGee— through outrageous conduct—either caused Buckmeyer severe emotional distress or intended to do so."

We conclude that the trial court did not give due consideration to the ORCP 47 E declaration from plaintiff's counsel, which would theoretically permit a finding that McGee intentionally engaged in outrageous conduct, therefore precluding summary judgment on plaintiff's IIED claim.[2] We explain further below.

## ANALYSIS

To prove her IIED claim, plaintiff had to establish three elements: (1) defendants intended to cause Buckmeyer severe emotional distress or knew with substantial certainty that their conduct would cause such distress; (2) defendants

---

dismissed in its entirety. Plaintiff has not appealed any judgment incorporating those rulings.

[2] Defendants additionally argue that the trial court's later grant of their motion for summary judgment on the negligence claim, which plaintiff did not appeal, forecloses a finding for plaintiff on the IIED claim, arguing that conduct that is not even negligent certainly cannot be the basis for an IIED claim. We reject that argument without discussion other than to note that the negligence claim was dismissed based on a different record than was before the court at the time the IIED claim was dismissed, and that the court offered other bases for granting summary judgment for defendants on the negligence claim, independent of the nature of McGee's actions. As plaintiff would have had to prevail on all independent bases in order to make an appeal of the dismissal of her negligence claim viable, we do not consider the dismissal of the negligence claim and plaintiff's decision not to appeal the judgment dismissing that claim to resolve the issues before us concerning the IIED claim. Defendants do not point us to case law in support of their assertion that the later ruling on the negligence claim is preclusive on the IIED claim.

engaged in outrageous conduct, extraordinarily beyond the bounds of socially tolerable behavior; and (3) defendants' conduct in fact caused Buckmeyer to suffer severe emotional distress. *House*, 218 Or App at 357-58.

To avoid summary judgment on a claim for relief, a plaintiff must show the existence of a factual question on all dispositive issues framed by the defendant's motion. *Towe v. Sacagawea, Inc.*, 357 Or 74, 85-86, 347 P3d 766 (2015) (citing *Two Two v. Fujitec America, Inc.*, 355 Or 319, 326, 325 P3d 707 (2014), for the proposition that a "party seeking summary judgment frames issues on which party opposing summary judgment must show existence of factual question"); ORCP 47 C.

The arguments raised below and before us indicate that the parties agree that whether McGee's conduct was outrageous largely turns on his intent: an accurate or good-faith (though ultimately incorrect) report would not be outrageous; an intentionally false report of child sexual abuse would likely be sufficiently outrageous to support a claim. Because plaintiff would bear the burden of proving all elements of the IIED claim at trial, ORCP 47 C required plaintiff to produce evidence on the issue of the outrageousness of McGee's conduct, in order to defeat summary judgment. The intent element of IIED is often demonstrated by indirect evidence. *Mauri v. Smith*, 135 Or App 662, 676, 901 P2d 247 (1995), *cert den*, 519 US 813, *aff'd in part, rev'd in part on other grounds*, 324 Or 476, 929 P2d 307 (1996) ("[P]roof of intent is almost inevitably circumstantial and inferential; few defendants admit a specific intent to inflict [emotional distress]."); *see also Kalgaard v. Lindo Mar Adventure Club, Ltd.*, 147 Or App 61, 67, 934 P2d 637 (1997) ("What motivates a person to act seldom is susceptible of direct proof. Proof of what motivates a person to act is almost always circumstantial and inferential." (Internal citations omitted.)). Therefore, the outrageousness of the conduct can support an inference of intent to cause severe emotional distress, or can demonstrate that an individual knew with substantial certainty that their outrageous conduct would cause such distress. *Schoen v. Freightliner LLC*, 224 Or App 613, 626, 199 P3d 332 (2008).

ORCP 47 C allows a plaintiff to "satisfy the burden of producing evidence with an affidavit or a declaration under section E of this rule." ORCP 47 E, in turn, provides, in part:

> "If a party, in opposing a motion for summary judgment, is required to provide the opinion of an expert to establish a genuine issue of material fact, an affidavit or a declaration of the party's attorney stating that an unnamed qualified expert has been retained who is available and willing to testify to admissible facts or opinions creating a question of fact will be deemed sufficient to controvert the allegations of the moving party and an adequate basis for the court to deny the motion. The affidavit or declaration shall be made in good faith based on admissible facts or opinions obtained from a qualified expert who has actually been retained by the attorney, who is available and willing to testify, and who has actually rendered an opinion or provided facts that, if revealed by affidavit or declaration, would be a sufficient basis for denying the motion for summary judgment."

As described above, plaintiff offered a declaration pursuant to ORCP 47 E, but the trial court nevertheless granted defendants' motion for summary judgment. On appeal, plaintiff argues that the declaration was sufficient to establish that there was a question of fact regarding whether McGee's report was made in good faith or was intentionally fabricated. Defendant asserts that expert testimony cannot offer any opinion about what McGee subjectively believed when he made his report.

A lawyer's ORCP 47 E affidavit should generally be taken at "face value." *Hofer v. OHSU*, 328 Or App 352, 361, 536 P3d 989 (2023). In *Hinchman v. UC Market, LLC*, 270 Or App 561, 348 P3d 328 (2015), we explained that, although expert testimony might be "required" to create a genuine issue of material fact when issues raised in the defendant's motion are not within the knowledge of the ordinary lay juror, "that is not the *only* circumstance in which expert testimony might be required to establish a genuine issue of material fact." *Id.* at 569 (emphasis in original). Expert testimony can be used to create a genuine issue of material fact "if the point or points put at issue by the defendant's summary judgment motion are ones that are *susceptible* to proof through expert testimony, given the plaintiff's particular

theory of [their] claim." *Id.* at 570 (emphasis added); *see also Moore v. Kaiser Permanente*, 91 Or App 262, 265, 754 P2d 615, *rev den*, 306 Or 661 (1988) (ORCP 47 E intended "to enable parties to avoid summary judgment on any genuine issue of material fact which *may or must* be proved by expert evidence" (emphasis added)).

In this case, plaintiff's theory of IIED was that McGee made up the accusation of seeing child pornography on Buckmeyer's phone, and such an intentional fabrication would constitute outrageous conduct that McGee would have known with substantial certainty would inflict severe emotional distress on Buckmeyer. That theory of the case implicates at least one issue susceptible to proof by an expert: what was contained on the phone at the time of the encounter at Target. If a forensic examination of Buckmeyer's phone could establish the contents of the phone as of that day, and nothing on the phone could conceivably have been mistaken for what McGee reported he saw, a factfinder could infer that McGee invented the story and intentionally falsely reported Buckmeyer for child pornography.[3] ORCP 47 E requires the trial court to presume that plaintiff had an expert willing and able to testify in support of her theory that McGee invented the story, even if plaintiff did not want to "reveal the range or limits of the expert's testimony." *Two Two*, 355 Or at 329. Despite McGee maintaining in his deposition that he did not make up the story and continued to believe he saw what he reported, "[i]f the record contains facts that create a plausible inference that a person's statements about his or her conduct are not true, summary judgment is inappropriate." *Kalgaard*, 147 Or App at 67.

---

[3] We acknowledge that plaintiff faces the additional factual hurdle of demonstrating that the phone examined by its expert was indeed the same phone that Buckmeyer presented to McGee, as McGee did not record the serial number of the phone he handled. We conclude that there is evidence in the record from which a fact finder could infer that it was the same phone, though such a finding would not be required. The phone McGee looked at was an iPhone 6S; the FBI seized an iPhone 6S in its search of Buckmeyer's apartment. Plaintiff stated in her deposition that Buckmeyer contacted her from a new number on the day his electronics were seized by the FBI, as he had had to get a new phone. After he passed away, only two phones were found in his apartment. Presumably plaintiff's expert could provide some evidence regarding the dates of usage of the phone examined to show that it was in use on the date in question. Here, whether the forensic examination was of the same phone presented to McGee is a question of fact that is not appropriately resolved on summary judgment.

The arguments raised below and before us focus on whether there is sufficient evidence to establish a jury question as to the first two elements of plaintiff's IIED claim.[4] Moreover, the parties appear to agree that the question with respect to those two elements boils down to whether the evidence is sufficient to support a finding that McGee made his report knowing it was false or if instead he made a report that was accurate or that he, in good faith, believed to be accurate. Whether McGee accurately or in good faith reported seeing child pornography or fabricated the allegations goes to the second element of the IIED claim, the outrageousness of the conduct: if he acted in good faith, his actions were not outrageous; if he made up the report, that is outrageous. In turn, if a fact finder concluded that McGee did engage in the outrageous behavior of intentionally falsely reporting Buckmeyer for such heinous conduct, the fact finder could also infer that the first element of the IIED claim was satisfied: that McGee would have known with substantial certainty that reporting someone for possession of child pornography with no basis would cause that person severe emotional distress.

Although defendants came forward with evidence and arguments in support of their motion that might undermine plaintiff's theory before a jury, nothing in those arguments or evidence defeats plaintiff's claim at the summary judgment stage. A reasonable juror might be persuaded that McGee would not have invented such a dramatic story about a complete stranger with whom he had no history and no motivation to harm; a juror could also conclude that, even if McGee was wrong, he was simply mistaken, and not intentionally lying; however, a juror might also reasonably

---

[4] Defendant Target Corporation did not raise the third element of IIED, whether the conduct in fact caused Buckmeyer to suffer severe emotional distress, as a basis for summary judgment. Plaintiff therefore was not required to produce evidence to create a material issue of fact as to that element in order to defeat defendant Target Corporation's summary judgment motion. *Two Two*, 355 Or at 326. Defendant MarketSource, Inc. argued in passing that the only evidence of Buckmeyer's actual severe emotional distress was "secondhand." Regardless, on appeal, neither Target Corporation nor MarketSource Inc. has raised any issue as to the third element outside of contending that if there is no disputed issue of fact on the second element (outrageous conduct), there can be no issue of fact as to the third element (causation of severe emotional distress). As discussed above, we conclude that there was a disputed issue of fact on the second element.

conclude that a complete lack of any photos resembling the detailed images McGee reported to have seen indicates that he invented the story, for whatever reason, and therefore acted outrageously. Accounting for plaintiff's ORCP 47 E affidavit, there is sufficient evidence in the summary judgment record to defeat defendants' motion for summary judgment. *See, e.g.*, *State v. Miller*, 196 Or App 354, 358, 103 P3d 112 (2004), *rev den*, 338 Or 488 (2005) ("The inference need not inevitably follow from the established facts; rather, if the established facts support multiple reasonable inferences, the jury may decide which inference to draw."). What occurred and McGee's motives are questions for the jury, regardless of his declaration to the contrary. *See, e.g.*, *Perry v. Rein*, 215 Or App 113, 127-28, 168 P3d 1163 (2007) (Where the plaintiff's evidence places the credibility of an affiant at issue, the subjective belief of the affiant is not susceptible to summary judgment.).

Reversed and remanded.