772 February 12, 2025 No. 94

*This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Rodger Clair YOUNG,
an individual,
*Plaintiff-Appellant,*

*v.*

Wylee James COLLINS,
an individual,
*Defendant,*

*and*

Danielle Melody BLACK,
aka Daniel Melody Black, an individual,
*Defendant-Respondent.*

Klamath County Circuit Court
21CV28815; A181394

Marci Warner Adkisson, Judge.

Argued and submitted December 13, 2024.

Christopher L. Cauble argued the cause for appellant. Also on the brief was Cauble & Whittington, LLP.

Sean P. Tipton argued the cause for respondent. Also on the brief were Tracy M. McGovern and Frohnmayer, Deatherage, Jamieson, Moore, Armosino & McGovern, P.C.

Before Tookey, Presiding Judge, Kamins, Judge, and Nakamoto, Senior Judge.

TOOKEY, P. J.

Reversed and remanded.

Kamins, J., dissenting.

**TOOKEY, P. J.**

Plaintiff appeals from a judgment for defendant in this negligence action to recover damages for personal injuries plaintiff sustained when he was pinned between defendant's vehicle and a disabled vehicle, a motorhome that he was attempting to jump start, when the disabled motorhome was struck from behind by a vehicle traveling at a high rate of speed on a public highway. We conclude that the trial court erred in granting defendant's motion for summary judgment on the negligence claim and therefore reverse and remand the judgment.

In his first assignment of error, plaintiff contends that the trial court erred in granting defendant's motion to strike a declaration of plaintiff's expert witness. It is true that most of the recitals in the declaration were simply factual assertions that would not have been of assistance to the jury. *See* OEC 702 (describing admissibility of expert opinion of scientific, technical or otherwise specialized knowledge that will assist the trier of fact to understand the evidence). However, the declaration included three paragraphs that we conclude stated expert opinion as to defendant's negligence. The expert declared that, based on the reports of law enforcement at the scene of the collision, the risk of a rear collision would have been reduced had defendant parked her vehicle at an angle, used her emergency flashers, or gotten out of her vehicle to watch for oncoming traffic.[1] Those declarations provided an expert opinion that would have aided the jury in determining whether the risk of a rear collision would have been reduced had defendant parked her vehicle at an angle, used her emergency flashers, or gotten out of her vehicle to warn oncoming traffic of the stopped motorhome. *See State v. Rambo,* 250 Or App 186, 191-92, 279 P3d 361 (2012), *rev den,*

---

[1] The declaration stated:

"6.3 [Defendant] appears to have been solely responsible for parking her vehicle with its headlights blocked by the motorhome, not parking at an angle, which would have reduced the risk of rear collision as it occurred.

"6.4 [Defendant] appears not to have had her emergency flashers activated prior to the accident, which if activated, would have reduced the risk of rear collision as it occurred.

"6.5 [Defendant] did not exit her vehicle prior to the accident to watch for and warn oncoming traffic, which would have reduced the risk of rear collision as it occurred."

353 Or 203 (2013) (police officer's expert opinion was admissible even though it was based on an incomplete DRE protocol that was itself inadmissible). The trial court therefore erred in striking the declaration as not containing expert opinion that would be of assistance to the jury.

Defendant asserts that the expert's declaration is nonetheless insufficient to give rise to a genuine issue of material fact. For example, there was no evidence that defendant's headlights were not visible from behind the motorhome as defendant was parked or that angling defendant's vehicle and using emergency flashers would have made the motorhome more visible, given the vehicles' locations on the road and the high rate of speed at which the third party was travelling. Defendant is correct that the record on summary judgment does not include evidence as to any of those facts. But it does include the expert's opinion that parking the vehicle at an angle and using emergency flashers would have reduced the risk of injury. Contrary to the dissent's conclusion, we conclude that that expert opinion evidence was sufficient to give rise to at least a question of fact as to defendant's negligence, and we conclude for that reason that the trial court erred in excluding the expert's declaration and granting defendant's motion for summary judgment.

In view of our conclusion that the expert's opinion gave rise to a genuine issue of material fact and therefore precluded summary judgment, we need not address defendant's contention in his second assignment challenging the trial court's granting of defendant's motion for summary judgment after determining that plaintiff's remaining declarations do not give rise to a genuine issue of material fact as to causation.

The trial court assessed attorney fees against plaintiff as a sanction under ORCP 47 G,[2] for plaintiff's

_____

[2] ORCP 47 G provides:

"Should it appear to the satisfaction of the court at any time that an affidavit or declaration presented under this rule was presented in bad faith or solely for the purpose of delay, the court shall order the party filing the affidavit or declaration to pay to the other party the amount of the reasonable expenses that the filing of the affidavit or declaration caused the other party to incur, including reasonable attorney fees, and any offending party or attorney may be subject to sanctions for contempt."

declaration that defendant's attorney had bribed a witness. Plaintiff assigns error to the trial court's ruling, but his brief includes no argument on that assignment, and we therefore do not consider it.

Reversed and remanded.

**KAMINS, J.,** dissenting.

Because jurors do not need an expert to tell them that light helps drivers see at night, I respectfully dissent. The trial court correctly struck the expert's testimony as unhelpful to the trier of fact and, without that testimony, defendant was entitled to summary judgment.

Shortly after midnight, defendant and her friend (plaintiff) drove to the site of a disabled motorhome and stopped on a highway to offer assistance. Defendant stopped in front of the motorhome and plaintiff opened the hood of defendant's car. He was in the process of connecting jumper cables from defendant's car to the motorhome when another vehicle hit the motorhome from behind, injuring plaintiff. Plaintiff sued both the driver who struck the motorhome and defendant. The claim against the other driver settled. What remains is the claim against defendant, which alleges that she parked in an illegal and unsafe manner, failed to warn defendant of oncoming cars, and failed to activate warning lights.

At summary judgment, plaintiff attempted to submit a declaration from an expert accident reconstructionist averring that, had plaintiff activated her emergency lights or angled her car to make her headlights more visible, there would have been more light, thus decreasing the risk of accident on a dark road. Similarly, had defendant stood outside and watched for oncoming traffic, she could have warned plaintiff that another vehicle was coming, also reducing the risk of accident. The trial court struck the expert's declaration as outside the purview of OEC 702[1] because it did not offer scientific, specialized, or technical knowledge. Because

---

[1] OEC 702 provides:

"If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise."

I agree with the trial court that the expert's declaration did not contain information of a specialized or technical nature—indeed, the facts that light helps drivers see and warnings can warn of danger, is well within the common knowledge of jurors—it would not have been of assistance to the jury under OEC 702; *see Ross v. City of Eugene*, 151 Or App 656, 665, 950 P2d 372 (1997) (observing that "[e]xpert testimony is not essential when the issue presented relates to a matter that requires only common knowledge and experience to understand") (citing *Lynd v. Rockwell Manufacturing*, 276 Or 341, 349, 554 P2d 1000 (1976)).

The expert's declaration, including the three paragraphs identified by the majority, simply adopted the language of plaintiff's own factual declarations and complaint—almost verbatim—with the imprimatur of the expert label but without any expertise. The expert's declaration only adds that had defendant better angled her vehicle's lights on the motorhome, it would have reduced the risk of a collision. Those conclusory and speculative statements about the effect of additional light were not tied to evidence in the record on summary judgment in a way that would be "uniquely beneficial" to a factfinder in determining defendant's negligence. *Mall v. Horton*, 292 Or App 319, 324, 423 P3d 730, *rev den*, 363 Or 744 (2018); *see id.* (explaining that an "expert is one that acquired certain habits of judgment based on experience or special observation that enables him or her to draw from the facts inferences that are uniquely beneficial to the jury"). The expert's statements were not connected to specific circumstances of this crash, such as an evaluation of the angle of defendant's car's effect on the impact, the shape of the roadway, or the speed of the third party's vehicle.

In short, the "opinion" gave no specialized information to the trier of fact as to how or why the asserted negligence relating to lights or defendant staying in her vehicle could have contributed to the collision, so as to be of assistance to the trier of fact. *See, e.g.*, *State v. Rivera-Ortiz*, 288 Or App 284, 293, 406 P3d 73 (2017), *rev den*, 362 Or 665 (2018) (expert testimony regarding the "general movements of the vehicles after impact and that defendant's car was

moving at a 'higher rate of speed' when the vehicles collided *** based on the physical evidence" constituted expert opinion); *see also Southard v. Belanger*, 966 F Supp 2d 727, 734 (WD Ky 2013) (excluding expert testimony from an accident reconstructionist that "using a cell phone while driving reduces a driver's situational awareness, decision-making, and/or performance" because the expert "knows no more about this issue than does an average person").

It is important to point out that the expert's declaration was not provided under ORCP 47 E, under which the most general of declarations can sometimes suffice to prevent summary judgment. *See Hinchman v. UC Market, LLC*, 270 Or App 561, 569-70, 348 P3d 328 (2015) (recognizing the declaration's utility in furthering Oregon's use of "trial by ambush"). Rather, this declaration contained the substance of the expert's testimony and that substance was properly stricken. Absent that testimony, plaintiff failed to meet her burden on summary judgment. ORCP 47 C; *Two Two v. Fujitec America, Inc.*, 355 Or 319, 324, 325 P3d 707 (2014). For those reasons, the trial court did not err in granting defendant's motion for summary judgment.

Accordingly, I would affirm the judgment of the trial court.